Section 1465-61 (3), General Code, reads: "Every person in the service of any independent contractor or sub-contractor who has failed to pay into the state insurance fund the amount of premium determined and fixed by the industrial commission of Ohio * * * shall be considered as the employee of the person who has entered into a contract, * * * with such independent contractor, unless such employees, * * * elect, after injury or death, to regard such independent contractor as the employer."
Counsel for relator rely upon this section of the code as the basis of his right to recover, not only the ordinary compensation provided by law for injury or death, but also any additional award resulting from the failure of his employer, Rosseau, to comply with specific requirements adopted by the Industrial Commission for the safety of employees. The ordinary award has been paid. The commission refused to pay the additional award for the reason that, if there were a violation of a specific requirement, the Van Gundy Beck Company was not responsible for the violation.
In the case of DeWitt v. State, ex rel. Crabbe, Atty. Genl.,108 Ohio St. 513, 141 N.E. 551, this court held that under the quoted section the Van Gundy Beck Company could be considered as the employer of Whitman *Page 378 
if Rosseau failed to pay into the fund, etc., unless Whitman elected to regard Rosseau as his employer. We also held that the Legislature had ample constitutional power to classify and define employees of an independent contractor as employees of the principal contractor. The DeWitt case, supra, was decided in November 1923, and prior to the effective date of the amendment of Section 35, Article II of the Constitution, which expressly and for the first time gave to workmen and their dependents an "additional award" for violation of specific requirements.
This new right was created by the constitutional amendment adopted by the electors of the state at the November election, 1923, and became effective on the first day of January 1924. The part of the amended constitutional section pertinent to this controversy reads as follows:
"Such board shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employes, enacted by the General Assembly or in the form of an order adopted by such board, and its decision shall be final; and for the purpose of such investigations and inquiries it may appoint referees. When it is found, upon hearing, that an injury, disease or death resulted because of such failure by the employer, such amount as shall be found to be just, not greater than fifty nor less than fifteen per centum of the maximum award established by law, shall be added by the board, to the amount of the compensation that may be awarded on account of such injury, disease, or death, and paid in like manner as other awards; and, if such compensation is paid from the state fund, the premium of such employer shall be increased in such amount, covering such period of time as may be fixed, as will recoup the state fund in the amount of such additional award, notwithstanding *Page 379 
any and all other provisions in this constitution."
It will be noted that under the amendment the board was required to determine whether injury or death resultedbecause of the failure of the employer to comply with anyspecific requirement, etc.; and when it found that the injury or death resulted because of such failure, the board was authorized to make an additional award. Conceding that Section 1465-61, General Code, legally places Van Gundy Peck Company in the class of an employer, it is not in that section placed in the category of an employer who fails to comply with a specific requirement. There was no failure of the Van Gundy 
Beck Company to comply with any specific requirement; the failure was upon the part of Rosseau, the subcontractor. The Constitution has defined the term "employer" as being one who has failed to comply; and the Legislature has no power to define it otherwise. Not only is this the clear import of the constitutional provision, but it falls within its spirit as well. The additional award is in the nature of a penalty, and it was the purpose of the Constitution to impose such penalty upon the employer who failed to comply, and not upon him who did comply. The same purpose is found in our legislation which penalizes only the former class of employers for violation of the safety code. The Van Gundy Beck Company did not fall within the category or class of employers defined by Section 35, Article II of the Constitution, which could be held responsible for failure to comply with a specific safety requirement.
The judgment of the Court of Appeals sustaining the commission's demurrer and dismissing the petition of relator will be affirmed.
Judgment affirmed.
WEYGANDT, C.J., STEPHENSON, WILLIAMS, MATTHIAS, DAY and ZIMMERMAN, JJ., concur. *Page 380