## HOLIDAY INNS OF AMERICA, INC. AND AMERICAN NATIONAL INSURANCE COMPANY v. ELDRIDGE WILSON

5-6156                                     489 S.W. 2d 806

Opinion delivered February 5, 1973

John M. Lofton and Fulk, Lovett & Mays, and John H. Jacobs, for appellants.

Howell, Price, Howell & Barron, for appellee.

J. Fred Jones, Justice. This is a workmen's compensation case in which the employer-respondent, Holiday Inns of America, Inc., hereafter called "Holiday," and its compensation insurance carrier appeal from a circuit court judgment affirming an award of 15% increase in compensation made by the Workmen's Compensation Commission to Eldridge Wilson, an injured claimant employee of Holiday, under the provisions of Ark. Stat. Ann. § 81-1310 (d) (Supp. 1971) which states as follows:

> "Where an injury or death is caused in substantial part by the failure of an employer to comply with any Arkansas statute or official regulation pertaining to the health or safety of employees, compensation or death benefits provided for by this Act [§§ 81-1301 —81-1349] shall be increased by fifteen per centum (15%)."

The pertinent facts appear as follows: Holiday desired to erect a metal flagpole in front of one of its Inns. Its employees, under the direction of the manager of the Inn, procured a metal flagpole and prepared a base for the flagpole. The base consisted of a metal collar set in concrete, and the flagpole was to be raised into an upright position and its lower end inserted into the metal collar. The concrete and metal collar base was installed under overhead electric power lines and, being unable to manually raise the flagpole, Holiday employed Marion Young, d/b/a Young's Crane & Rental Service, to raise the flagpole with a mobile truck crane so that its lower end could be inserted into the collar. Young fastened a cable to the flagpole and raised it as high as his equipment would raise it and Wilson, a regular employee of Holiday, was directed by Holiday's manager to assist Young by guiding the base of the pole

into the collar. As Wilson attempted to swing the suspended flagpole into an upright position, its upper end came in or near contact with overhead electric lines and Wilson was injured by electric current.

Wilson's right to workmen's compensation benefits as an employee of Holiday was not controverted. He filed a third party suit in circuit court against Young alleging, among other acts of negligence, that Young violated the safety provisions of Ark. Stat. Ann. §§ 81-1401 —81-1410 (Supp. 1971) which reads in part as follows: lows:

"This act [§§ 81-1401—81-1410] provides for the minimum precautions to be taken during any excavation, demolition, transportation of equipment, construction, repair or operation in the proximity of overhead high voltage lines. The purpose of this act is to provide for the protection of persons engaged in work of any nature in the vicinity of overhead high voltage lines, and to define the conditions under which work may be carried on safely, and the procedures and means by which these conditions may be created.

No person shall require or permit employee to perform any function in proximity to overhead high voltage lines; to enter upon any land, building, or other premises, and there to engage in any excavation, demolition, construction, repair or other operations, or to erect, install, operate or store in or upon such premises any tools, machinery, equipment, materials, or structures, including house moving, well drilling, pile driving or hoisting equipment, unless and until danger from accidental contact with said overhead high voltage lines has been effectively guarded against in the manner hereinafter prescribed."

The third party suit against Young was settled without trial for the sum of $70,000 and the suit was dismissed with prejudice. Holiday's subrogation rights under Ark. Stat. Ann. § 81-1340 (Repl. 1960) were not questioned by the parties and, after the costs of collec-

tion were deducted from the $70,000 settlement, there remained $46,670 as net recovery against the third party. Two-thirds of this sum, in the amount of $31,113.32, was credited against the amounts of compensation paid and to be paid to Wilson by Holiday and its insurance carrier. After the third party settlement was concluded, Wilson filed his claim for penalty under § 81-1310 (d), *supra.* The Commission ordered the weekly benefits payable to Wilson increased by 15% and the circuit court affirmed.

On appeal to this court Holiday contends that there is no substantial evidence to support the award of the additional 15% penalty. It next contends that the consent judgment in settlement of the third party case is *res judicata* as to who was responsible for complying with the applicable safety statutes. We do not agree with either contention.

This is a case of first impression in Arkansas and Holiday relied on the Ohio cases of *State ex rel. Whitman* v. *Industrial Commission,* 3 N. E. 2d 52, and *State ex rel. Reed* v. *Industrial Commission,* 207 N. E. 755. Both of those cases are readily distinguishable from the case at bar on their facts. The Ohio Constitution confered upon the Industrial Commission of that state the power and authority to determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employees and when so found, to assess a penalty of no more than 50% or less than 15% of the compensation awarded and in addition to the other compensation rights.

In the *Whitman* case, *supra,* Van Gundy and Beck were general contractors in the construction of a school building. They sublet the lathing part of the contract to Rosseau, an independent subcontractor. Rosseau as well as the prime contractor had sufficient employees to subject them to the Compensation Act, but Rosseau had not qualified under the Ohio Act and the prime contractor was therefore liable in compensation for injuries sustained by Rosseau's employees. In the performance of his subcontract, Rosseau constructed some scaffolding

in violation of the Ohio Safety Code and as a result one of his own employees was injured when the scaffolding gave way. Van Gundy and Beck paid compensation as required under the Act pertaining to uninsured or unqualified subcontractors, but the Industrial Commission denied the employee's claim for penalty against Van Gundy and Beck. The Commission's decision was affirmed by the intermediate and Supreme Courts, and in its decision the Supreme Court said:

> "It will be noted that under the amendment the board was required to determine whether injury or death resulted *because of the failure of the employer to comply with any specific requirement,* etc.; and when it found that the injury or death resulted because of such failure, the board was authorized to make an additional award. Conceding that section 1465-61, General Code, legally places Van Gundy & Beck Company in the class of an employer, it is not in that section placed in the category of an employer who fails to comply with a specific requirement. There was no failure of the Van Gundy & Beck Company to comply with any specific requirement; the failure was upon the part of Rosseau, the subcontractor. The Constitution has defined the term 'employer' as being one who has failed to comply; and the Legislature has no power to define it otherwise. Not only is this the clear import of the constitutional provision, but it falls within its spirit as well."

In the *Reed* case, *supra,* the claimant was an employee of Robert L. Sweigart who was engaged by Rudy & Son to repair the warped exterior walls of silo-type storage bins owned and operated by Rudy. To facilitate the repair work, Rudy informally permitted Sweigart to use an electric powered elevator installed and owned by Rudy and located between the two bins to be repaired. As the elevator cage occupied by the claimant was ascending next to the bins, the claimant-employee extended his head out of the rear of the cage and it was caught between the back of the cage enclosure and the edge of the shaftway opening at the top of the bins, resulting in the employee's injury. The construction and

maintenance of the cage violated the Ohio Safety Code. The employee-claimant was paid workmen's compensation as Rudy's employee and later filed an application for additional award on the ground that his injury was due to violation *by his employer* of a specific safety requirement. The Ohio Court of Appeals denied the award and the Supreme Court affirmed. In doing so, the Supreme Court cited and followed its previous decision in *Whitman, supra,* and said:

"Here, Rudy owned the elevator cage and was responsible for its condition and maintenance. Sweigart merely used the instrumentality with Rudy's permission to facilitate his work for Rudy. There is nothing to show that Sweigart knew or had reason to believe that the construction and maintenance of the elevator cage violated parts of Bulletin 110. It would, therefore, seem unfair under these circumstances to punish Sweigart for a condition, which he did not create and which he had no authority to alter or correct, and thereby place him in the category of an 'employer' who failed to comply with a specific safety requirement within the intendment of Section 35, Article II of the Constitution."

In the case at bar Marion Young was paid on an hourly basis for raising the flagpole. Wilson was not only a regular employee of Holiday but Holiday selected the metal flagpole and prepared the base for its erection under the overhead electric lines. Holiday's manager not only directed the erection of the flagpole; according to his own testimony, he knew of the overhead electric lines and he also assisted Wilson in guiding the flagpole into the metal collar in the concrete base. According to Young's testimony, Holiday's manager assisted, directed and supervised the entire operation.

We are of the opinion that *res judicata* is simply not involved under the evidence and the law in this case. Section 81-1310 (d), *supra,* is directed only to the precautions an *employer* must take for the health and safety of his *employees.* The mere fact that Wilson alleged violation of the safety code in his complaint against Young and subsequently settled his claim against Young

by compromise under which Young specifically avoided admission of liability, does not excuse the employer, Holiday, from the provisions of the statute.

The judgment is affirmed.

FOGLEMAN, J., not participating.