THE STATE, EX REL. WARR, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Warr, v. Indus. Comm. (1977), 49 Ohio St. 2d 268.]

(No. 76-893—Decided March 23, 1977.)

---

*Messrs. E. S. Gallon & Associates* and *Mr. John A. Cervay,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Gerald H. Waterman,* for appellee Industrial Commission of Ohio.

*Mr. Samuel M. Allen,* for appellee Wulftange Iron Works, Inc.

*Per Curiam.* At the time relator suffered his injuries, there were no guardrails or toeboards provided around the sides of the opening in the floor. Relator claims that the failure to provide this safety equipment violated Industrial Commission Rules IC-3-03.03(B), IC-3-03.05 and IC-3-03.09.

There is some disagreement concerning whether the sides of this opening were ''unused'' within the meaning of those rules. The record shows that at the time of the injuries, a crane was preparing to lower a piece of conveyor equipment down through the opening. But, it is not necessary to consider whether this was a use of the side of the opening through which the relator fell. The record does not disclose whether this employer, a subcontractor for the installation of stairways and railings, was in control of this construction area or was in any way involved in the construction being carried out in the vicinity of the opening.

The determination of disputed factual situations is within the final jurisdiction of the Industrial Commission and subject to correction by action in mandamus only upon a showing of abuse of discretion. *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 278 N. E. 2d 24, and cases cited therein. In a case involving a claim for an additional award, which is in the nature of a penalty charged against the employer and may be imposed "only upon that employer whose failure to comply caused death or injury to his employee" (*State, ex rel. Whitman,* v. *Indus. Comm.* [1936], 131 Ohio St. 375, 3 N. E. 2d 52), the question of whether an injury resulted because of such failure by the employer is a question of fact to be decided by the Industrial Commission, subject only to the abuse of discretion test. *State, ex rel. Haines,* v. *Indus. Comm., supra,* at page 17.

Because the record in this case fails to clearly indicate that this employer was in control of the work in the vicinity of the opening in the floor and therefore responsible for compliance with the Industrial Commission's rules, we cannot conclude that the denial of the additional award constituted an abuse of discretion. Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.