THE STATE, EX REL. THE KROGER CO., APPELLANT, V.
INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Kroger Co., v.
Indus. Comm. (1980), 62 Ohio St. 2d 4.]

(No. 79-1346—Decided April 2, 1980.)

*Messrs. Porter, Wright, Morris & Arthur* and *Mr. Charles J. Kurtz, III,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Lee M. Smith,* for appellee.

*Per Curiam.* Appellant asserts that the commission abused its discretion in finding that the appellant did not provide a screen or shield that claimants could have used in the compressor room while welding. The evidence on this question of fact is in conflict. Since there is some evidence supporting the commission's finding, however, mandamus cannot lie. See *State, ex rel. Wallace,* v. *Indus. Comm.* (1979), 57 Ohio St. 2d 55, 58.

Appellant also contends that Ohio's specific safety requirements, such as that in the case at bar, have been preempted by the federal Occupational Safety and Health Act of 1970 (OSHA). It argues that Congress expressly intended to limit state regulation of occupational safety and health matters to areas where federal standards have not been developed, or,where they have been developed, to areas where state plans have been approved by the Secretary of Labor. See Section 667, Title 29, U.S. Code.

However, Section 653(4) of Title 29 provides, "nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment." While awards for violations of specific safety requirements are penal insofar as they affect employers, they are compensatory insofar as the employee is concerned. *State, ex rel. Emmich,* v. *Indus. Comm.* (1947), 148 Ohio St. 658, paragraph three of the syllabus. The award goes directly to the injured employee, not to the state as a fine. Although compensation is calculated with reference to some standard of employer culpability, additional awards for violations of specific safety requirements are an integral part of Ohio's workers' compensation scheme. Thus, we find that such requirements have not been preempted by federal law.

Finally, appellant contends that the Court of Appeals committed reversible error by allowing appellee to tardily file its answers to appellant's requests for admissions. Pursuant to Civ. R. 6(B)(2), however, the Court of Appeals had the discretion to allow appellee to file the answers late if it found, as it did, that the failure to act was the result of excusable neglect.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

HERBERT, J., not participating.