THE STATE, EX REL. FRANK BROWN & SONS, INC., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Frank Brown & Sons, Inc., *v.* Indus. Comm. (1988), 37 Ohio St. 3d 162.]

(No. 86-2028—Submitted March 1, 1988—Decided June 15, 1988.)

*Tersigni, Schott & Quinn* and *Lyn Marie Schott,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Helen M. Ninos* and *Dennis L. Hufstader,* for appellee Industrial Commission.

*W. Michael Shay,* for appellee Woodford.

*Per Curiam.* Appellant first contends that the court of appeals' interpretation of Ohio Adm. Code 4121:1-3-10(C)(11) violates the constitutional mandate that a safety regulation be a specific requirement. Second, appellant contends that appellee's unilateral negligence precludes a finding of VSSR liability. We agree with both contentions.

As to appellant's first contention, Section 35, Article II of the Ohio Constitution states that the commission must determine whether the injury resulted from the employer's failure "* * * to comply with any specific requirement." Elaborating, this court, in *State, ex rel. Holdosh,* v. *Indus. Comm.* (1948), 149 Ohio St. 179, 36 O.O. 516, 78 N.E. 2d 165, syllabus, stated that " 'specific requirement' * * * embraces such lawful, specific and definite requirements or standards of conduct * * * which are of a character plainly to apprise an employer of his legal obligations towards his employees." See, also, *State, ex rel. Rae,* v. *Indus. Comm.* (1939), 136 Ohio St. 168, 173, 16 O.O. 119, 120-121, 24 N.E. 2d 594, 597.

Ohio Adm. Code 4121:1-3-10(C) (11) provides that "[t]he poles, legs, or uprights of scaffolds shall be plumb and securely and rigidly braced to prevent swaying and displacement." In this case, the commission determined that appellant had violated that provision, relying on appellant's faulty supervision in permitting the placement of cross braces over stringer braces. The commission found that the juxtaposition of braces constituted an improper assembly, yet failed to cite any specific requirement specifying the order of brace installation. The court of appeals found that the assembly was not improper in and of itself, but became improper once appellee removed the cross brace. The court denied relief, however, on the basis that Ohio Adm. Code 4121:1-3-10(C)(11) imposed on appellant a duty to ensure that the scaffolds were securely braced at all times and to take additional precautions if necessary. It was the court's finding that, in this case, appellant failed to comply with this burden.

The court of appeals' interpretation of Ohio Adm. Code 4121:1-3-10(C) (11) fails to plainly apprise the

employer of its legal obligation to its employees. The court's interpretation that "[a]dditional precautions may be necessary" does not impose a specific requirement, but instead vests in the employer discretionary power in determining what precautions may be necessary and when and how they should be implemented. Moreover, the regulation fails to apprise the employer of any obligation to install stringer braces over cross braces.

This court similarly rejects the appellate court's suggestion that the employer owes an absolute duty to ensure that the scaffolding remains secure at all times. Such language is not contained in Ohio Adm. Code 4121:1-3-10(C)(11). While the regulation does require that the employer provide a securely and rigidly braced scaffold, it does not impose a duty of constant surveillance over the equipment.

Appellant's second contention is also well-taken. A VSSR award is precluded by claimant's unilateral negligence in removing the top cross brace without first installing a corresponding cross brace beneath, contrary to instructions. In *State, ex rel. Lewis,* v. *Indus. Comm.* (Mar. 15, 1984), Franklin App. No. 83AP-756, unreported, the claimant voluntarily switched off a punch press safety device despite specific rules to the contrary. Operation of the press subsequent to the safety feature's elimination resulted in claimant's injury. The *Lewis* court denied the writ seeking a VSSR award, finding that that employer had fully complied with the applicable safety regulations and the claimant's unilateral act violated the safety requirement. Elaborating, the court stated that:

"There was no regulation in force at the time applicable to the punch press used by relator that any method for switching the machine to an unguarded condition be kept within the exclusive control of the employer.

"Since there was evidence that the machine was guarded until the guard was avoided by relator's unilateral act, the Industrial Commission did not abuse its discretion in failing to find that the employer violated a specific safety requirement." *Id.* at 5.

Here, too, the scaffold was properly assembled and in compliance with the applicable safety requirement until appellee's removal of the cross brace.

The *Lewis* decision comports with several of our previous decisions which hold that VSSR awards penalize an employer. *State, ex rel. Whitman,* v. *Indus. Comm.* (1936), 131 Ohio St. 375, 379, 6 O.O. 88, 89, 3 N.E. 2d 52, 53; *State, ex rel. Emmich,* v. *Indus. Comm.* (1947), 148 Ohio St. 658, 36 O.O. 265, 76 N.E. 2d 710, paragraph three of the syllabus; *State, ex rel. Kroger Co.,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 4, 6, 16 O.O. 3d 2, 3, 402 N.E. 2d 528, 530. As such awards are intended to penalize employers for failure to comply with specific safety requirements, only those acts within the employer's control should serve as the basis for establishing a VSSR violation.

Accordingly, we find that the Industrial Commission abused its discretion in granting appellee a VSSR award. The judgment of the court of appeals is hereby reversed and the requested writ of mandamus directing the commission to deny claimant's VSSR application is allowed.

*Judgment reversed*
*and writ allowed.*

MOYER, C.J., LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.