THE STATE, EX REL. NORTHERN PETROCHEMICAL COMPANY, NORTECH DIVISION, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State, ex rel. Northern Petrochemical Co., Nortech Div., v. Indus. Comm.* (1991), 61 Ohio St.3d 453.]

(No. 90–377—Submitted April 16, 1991—Decided August 14, 1991.)

454

*Benesch, Friedlander, Coplan & Aronoff, James F. DeLeone* and *John F. Stock,* for appellant.

*Lee I. Fisher,* Attorney General, *Michael L. Squillace* and *Jetta Mencer,* for appellee Industrial Commission.

*W. Michael Shay,* for appellee Donna L. Lutz.

---

*Per Curiam.* Former Ohio Adm.Code 4121:1–5–13(I)(1) (now 4121:1–5–14[F][4][a]) stated:

"(I) Lifting of personnel.

"Lift trucks equipped with vertical only, or vertical and horizontal travel controls using a limited carriage or forks for lifting of personnel shall:

"(1) Have a platform with standard guardrails, intermediate rail, and toe-boards, and a mast guard seventy-two (72) inches in height, all securely fastened to the lifting carriage or forks[.]"

It is undisputed that the cage was not securely attached to the forklift. It is also uncontested that on the date of injury, neither decedent nor Harvey checked to see whether the cage was secured, despite appellant's clear directive to do so. Appellant claims that decedent's unilateral negligence precludes a finding that appellant violated a specific safety requirement. We agree.

In *State, ex rel. Frank Brown & Sons, Inc., v. Indus. Comm.* (1988), 37 Ohio St.3d 162, 524 N.E.2d 482, we found no specific safety violation where an employee did not follow his employer's instructions and was injured as a result. We reasoned that:

"As such awards [VSSRs] are intended to penalize employers for failure to comply with specific safety requirements, only those acts within the employer's control should serve as the basis for establishing a VSSR violation." *Id.* at 164, 524 N.E.2d at 485.

We thus held:

" * * * A VSSR award is precluded by claimant's unilateral negligence in removing the top cross brace without first installing a corresponding cross brace beneath, contrary to instructions." *Id.*

The case at bar contains comparable employee negligence. Accordingly, the judgment of the court of appeals is reversed and a writ of mandamus allowed.

*Judgment reversed*
*and writ allowed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.