OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State ex rel. Hercules Painting Company, Appellant, v.
Industrial Commission of Ohio, Appellee.
[Cite as State ex rel. Hercules Painting Co. v. Indus. Comm.
(1994),      Ohio St.3d      .]
Workers' compensation -- Employee not wearing a safety belt and
     lifeline falls from a scaffold -- Failure to provide
     safety equipment a violation of Ohio Adm.Code
     4121:1-3-10(K)(8).
     (No. 93-1365 -- Submitted June 29, 1994 -- Decided October
5, 1994.)
     Appeal from the Court of Appeals for Franklin County, No.
92AP-1460.
     Claimant, Grover C. McGuire, fell from a scaffold while in
the course of and arising from his employment with appellant,
Hercules Painting Company.  Claimant was not wearing a safety
belt and lifeline at the time.
     After his workers' compensation claim was allowed,
claimant moved appellee, Industrial Commission of Ohio, for
additional compensation, alleging that appellant had violated
several specific safety requirements ("VSSRs").  Claimant's
sworn statement to a commission investigator indicated:
     "That, the employer did provide safety belt w/line.
However, on the date of record, I was unable to locate a safety
belt and my supervisor was not at the job site, so I began work
without the use of a safety belt and line * * * ."
     A commission staff hearing officer found a violation of
Ohio Adm. Code 4121:1-3-10(K)(8), stating:
     "4121:1-3-10(K)(8):  This specific requirement pertains to
two-point suspension scaffolds (swinging scaffolds) which is
the type of scaffold that claimant fell off of.  This
requirement reads in part:
     "'* * * [E]ach employee shall be protected by an approved
safety belt attached to a lifeline * * *' It is found the
claimant was not wearing a safety belt attached to a lifeline
at the time of this accident, and this was the proximate cause
of the injury.  It is noted this requirement, unlike the
language of 4121:1-3-03(J)(1), mandates that employee[s] 'shall
be protected * * *'.  It is not sufficient for the employer to

'provide' safety equipment somewhere on the job site.  The claimant has stated the employer generally provided safety belts and lifelines, however, on the date of this injury there were none available for the claimant to use.  The claimant indicated in his affidavit:  '* * * on the date of record, I was unable to locate a safety belt and my supervisor was not at the job site, so I began work without the use of a safety belt and line * * *.'"

Appellant's request for rehearing was denied.

Appellant filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus, claiming that the commission erred in assessing a VSSR.  The appellate court referee found that the commission improperly penalized appellant for failing to ensure that claimant was wearing a safety belt and lifeline, and recommended that the writ be granted.  The appellate court agreed that a VSSR under such circumstances would be an abuse of discretion, but did not interpret the commission's order as so holding.  The appellate court instead concluded that the VSSR was premised on a finding that appellant never furnished claimant the safety belt and lifeline, and denied the writ.

This cause is now before this court upon an appeal as of right.

Schottenstein, Zox & Dunn, Roger L. Sabo and Corey V. Crognale, for appellant.

Lee Fisher, Attorney General, and Jetta Mencer, Assistant Attorney General, for appellee.

Per Curiam.  The commission found a violation of Ohio Adm. Code 4121:1-3-10(K)(8), which provides:

"* * * Each employee shall be protected by an approved safety belt attached to a lifeline.  The lifeline shall be securely attached to substantial members of the structure (not scaffold) * * *."

The commission's order is confusing, as the differing interpretations by the referee and appellate court attest.  The reasoning underlying the VSSR assessment is particularly critical in this case because it determines the nature of review.  If the appellate court's interpretation is correct, the order's sufficiency turns on the presence of "some evidence."  If, on the other hand, the referee's construction is correct, analysis is complete, as there is no question that the commission abused its discretion.

The referee's interpretation is understandable given the order's statement that "[i]t is not sufficient for the employer to 'provide' safety equipment somewhere on the job site."  This language is legally incorrect, since the duty of employer enforcement it implies conflicts with a different specific safety requirement -- Ohio Adm. Code 4121:1-3-03(J)(1)1 -- and numerous decisions of this court.  See State ex rel. Burton v. Indus. Comm. (1989), 46 Ohio St.3d 170, 545 N.E.2d 1216 (safety requirements to be strictly construed in the employer's favor); State ex rel. Trydle v. Indus. Comm. (1972), 32 Ohio St.2d 257, 61 O.O. 2d 488, 291 N.E.2d 748 (safety requirements must plainly apprise employers of their duty); State ex rel. Jeep Corp. v. Indus. Comm. (1989), 42 Ohio St.3d 83, 537 N.E.2d 215

(employers not absolute guarantors of employee safety); State ex rel. Frank Brown & Sons, Inc. v. Indus. Comm. (1988), 37 Ohio St.3d 162, 524 N.E.2d 482; State ex rel. N. Petrochemical Co., Nortech Div. v. Indus. Comm. (1991), 61 Ohio St.3d 453, 575 N.E. 2d 200.

Upon review, we find that the appellate court's interpretation of the commission's order is the more sound. The referee's interpretation overlooks a crucial finding -- the commission's determination that no safety belt and line were available. This is a failure to provide safety equipment, not a failure to enforce its use. There is no need to reach the question whether the employer ensured equipment use if there was no equipment to use.

We must next determine whether "some evidence" supports the commission's order. We answer this question in the affirmative. The commission relied on, and expressly cited, claimant's affidavit which averred to the lack of safety equipment on the date of injury.

Accordingly, the appellate court's judgment is affirmed.

Judgment affirmed.

A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., and Wright, J., dissent.

FOOTNOTE

1    Ohio Adm. Code 4121:1-3-03(J)(1) provides:

"(J) Safety belts, lifelines and lanyards.

"(1) Lifelines, safety belts and lanyards shall be provided by the employer and it shall be the responsibility of the employee to wear such equipment when engaged in securing or shifting thrustouts, inspecting or working on overhead machines that support scaffolds, or on other high rigging, on steeply pitched roofs, by employees at work on poles or steel frame construction, by employees working on all swinging scaffolds, by all employees exposed to hazards of falling when the operation being performed is more than fifteen feet above ground or above a floor or platform, and by employees required to work on stored material in silos, hoppers, tanks, and similar storage areas. Lifelines and safety belts shall be securely fastened to the structure and shall sustain a static load of no less than five thousand four hundred pounds."

Moyer, C.J., dissenting.    To recover an award for the violation of a specific safety requirement ("VSSR"), a claimant must establish that the employer failed to comply with a specific safety requirement and that such failure resulted in claimant's injury. Section 35, Article II, Ohio Constitution; State ex rel. Whitman v. Indus. Comm. (1936), 131 Ohio St. 375, 6 O.O. 88, 3 N.E.2d 52. A specific requirement "'embraces such lawful, specific and definite requirements or standards of conduct *** which are of a character plainly to apprise an employer of his legal obligations towards his employees.'" State ex rel. Frank Brown & Sons, Inc. v. Indus. Comm. (1988), 37 Ohio St.3d 162, 163, 524 N.E.2d 482, 484, quoting State ex rel. Holdosh v. Indus. Comm. (1948), 149 Ohio St. 179, 36 O.O. 516, 78 N.E.2d 165, syllabus. We should be mindful of the fact that a VSSR award is a penalty assessed against the employer and is additional compensation paid to a claimant who has been compensated for a work-related injury. Therefore, all

reasonable doubts and inferences concerning the interpretation of the safety standard are to be construed in favor of the employer. State ex rel. Burton v. Indus. Comm. (1989), 46 Ohio St.3d 170, 172, 545 N.E.2d 1216, 1219. While the commission has the discretion to interpret its own rules, if its interpretation gives rise to a patently illogical result, "common sense should prevail." State ex rel. Harris v. Indus. Comm. (1984), 12 Ohio St.3d 152, 153, 12 OBR 223, 224, 465 N.E.2d 1286, 1288. It is my belief that the result reached in this case is indeed illogical. Common sense should be applied to produce a result that comports with the purpose of the legislation creating additional compensation for the violation of a specific safety standard.

Ohio Adm. Code 4121:1-3-10(K)(8) addresses two-point suspension scaffolds and provides that "[e]ach employee shall be protected by an approved safety belt attached to a lifeline." Ohio Adm. Code 4121:1-3-03(J)(1), which specifically addresses safety belts, states that "*** safety belts and lanyards shall be provided by the employer and it shall be the responsibility of the employee to wear such equipment." (Emphasis added.) Construing these two safety requirements most favorably to the employer, as we must, the only logical conclusion is that the employer's duty is to provide safety belts and it is then incumbent on the employee to use them.

In his sworn statement, the claimant admits that "*** the employer did provide safety belt w/line," but that on the date of his injury he could not find one. The majority then reasons that, because the claimant could not find a safety belt, this means that one was not provided. This conclusion does not follow the claimant's specific statement to the contrary. By so concluding, the majority imposes upon the employer the duty to ensure that the employee uses proper safety equipment, even though the majority called this conclusion "legally incorrect" when it was offered by the commission. The simple, logical answer to the claimant's inability to locate the safety belt he said had been provided by his employer is the same rule the General Assembly has announced for those under eighteen: if you cannot find the safety device, e.g., a helmet, don't expose yourself to the danger, e.g., ride a motorcycle; if you do, you are liable for a misdemeanor. (R.C. 4511.53.)

An employer cannot be an absolute guarantor of the employee's safety. State ex rel. Frank Brown & Sons, Inc., supra. Only those acts which are within the control of the employer may result in a VSSR award. Id. In this case, some evidence supports the conclusion that the employer fulfilled its legal obligation to provide a safety belt and the employee chose not to wear one because he could not find it, not because it was not provided. Both legally and logically, each employee must take some responsibility to ensure his own safety. Even the Ohio Administrative Code in this instance expressly places a responsibility on the employee to wear a safety belt when it is provided by the employer. An employee's unilateral negligence will preclude a VSSR finding. Id.; N. Petrochemical Co., Nortech Div. v. Indus. Comm. (1991), 61 Ohio St.3d 453, 575 N.E.2d 200. I believe that the commission's order is legally incorrect and not supported by some evidence. I would

reverse the judgment of the court of appeals.

Wright, J., concurs in the foregoing dissenting opinion.