THE STATE EX REL. HERCULES PAINTING COMPANY, APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Hercules Painting Co. v.
Indus. Comm.* (1994), 70 Ohio St.3d 494.]

(No. 93–1365—Submitted June 29, 1994—Decided October 5, 1994.)

*Schottenstein, Zox & Dunn, Roger L. Sabo* and *Corey V. Crognale,* for appellant.

*Lee Fisher,* Attorney General, and *Jetta Mencer,* Assistant Attorney General, for appellee.

*Per Curiam.* The commission found a violation of Ohio Adm.Code 4121:1–3–10(K)(8), which provides:

" * * * Each employee shall be protected by an approved safety belt attached to a lifeline. The lifeline shall be securely attached to substantial members of the structure (not scaffold) * * *."

The commission's order is confusing, as the differing interpretations by the referee and appellate court attest. The reasoning underlying the VSSR assessment is particularly critical in this case because it determines the nature of review. If the appellate court's interpretation is correct, the order's sufficiency turns on the presence of "some evidence." If, on the other hand, the referee's construction is correct, analysis is complete, as there is no question that the commission abused its discretion.

The referee's interpretation is understandable given the order's statement that "[i]t is not sufficient for the employer to 'provide' safety equipment somewhere on the job site." This language is legally incorrect, since the duty of employer enforcement it implies conflicts with a different specific safety requirement—Ohio Adm.Code 4121:1–3–03(J)(1) [1]—and numerous decisions of this court. See *State*

---

[1]. Ohio Adm.Code 4121:1–3–03(J)(1) provides:

"(J) Safety belts, lifelines and lanyards.

"(1) Lifelines, safety belts and lanyards shall be provided by the employer and it shall be the responsibility of the employee to wear such equipment when engaged in securing or shifting thrustouts, inspecting or working on overhead machines that support scaffolds, or on other high

*ex rel. Burton v. Indus. Comm.* (1989), 46 Ohio St.3d 170, 545 N.E.2d 1216 (safety requirements to be strictly construed in the employer's favor); *State ex rel. Trydle v. Indus. Comm.* (1972), 32 Ohio St.2d 257, 61 O.O.2d 488, 291 N.E.2d 748 (safety requirements must plainly apprise employers of their duty); *State ex rel. Jeep Corp. v. Indus. Comm.* (1989), 42 Ohio St.3d 83, 537 N.E.2d 215 (employers not absolute guarantors of employee safety); *State ex rel. Frank Brown & Sons, Inc. v. Indus. Comm.* (1988), 37 Ohio St.3d 162, 524 N.E.2d 482; *State ex rel. N. Petrochemical Co., Nortech Div. v. Indus. Comm.* (1991), 61 Ohio St.3d 453, 575 N.E.2d 200.

Upon review, we find that the appellate court's interpretation of the commission's order is the more sound. The referee's interpretation overlooks a crucial finding—the commission's determination that no safety belt and lifeline were available. This is a failure to provide safety equipment, not a failure to enforce its use. There is no need to reach the question whether the employer ensured equipment use if there was no equipment to use.

We must next determine whether "some evidence" supports the commission's order. We answer this question in the affirmative. The commission relied on, and expressly cited, claimant's affidavit which averred to the lack of safety equipment on the date of injury.

Accordingly, the appellate court's judgment is affirmed.

*Judgment affirmed.*

A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., and WRIGHT, J., dissent.

MOYER, C.J., dissenting. To recover an award for the violation of a specific safety requirement ("VSSR"), a claimant must establish that the employer failed to comply with a specific safety requirement and that such failure resulted in claimant's injury. Section 35, Article II, Ohio Constitution; *State ex rel. Whitman v. Indus. Comm.* (1936), 131 Ohio St. 375, 6 O.O. 88, 3 N.E.2d 52. A specific requirement " 'embraces such lawful, specific and definite requirements or standards of conduct * * * which are of a character plainly to apprise an employer of his legal obligations towards his employees.'" *State ex rel. Frank Brown & Sons, Inc. v. Indus. Comm.* (1988), 37 Ohio St.3d 162, 163, 524 N.E.2d 482, 484,

---

rigging, on steeply pitched roofs, by employees at work on poles or steel frame construction, by employees working on all swinging scaffolds, by all employees exposed to hazards of falling when the operation being performed is more than fifteen feet above ground or above a floor or platform, and by employees required to work on stored material in silos, hoppers, tanks, and similar storage areas. Lifelines and safety belts shall be securely fastened to the structure and shall sustain a static load of no less than five thousand four hundred pounds."

quoting *State ex rel. Holdosh v. Indus. Comm.* (1948), 149 Ohio St. 179, 36 O.O. 516, 78 N.E.2d 165, syllabus. We should be mindful of the fact that a VSSR award is a penalty assessed against the employer and is additional compensation paid to a claimant who has been compensated for a work-related injury. Therefore, all reasonable doubts and inferences concerning the interpretation of the safety standard are to be construed in favor of the employer. *State ex rel. Burton v. Indus. Comm.* (1989), 46 Ohio St.3d 170, 172, 545 N.E.2d 1216, 1219. While the commission has the discretion to interpret its own rules, if its interpretation gives rise to a patently illogical result, "common sense should prevail." *State ex rel. Harris v. Indus. Comm.* (1984), 12 Ohio St.3d 152, 153, 12 OBR 223, 224, 465 N.E.2d 1286, 1288. It is my belief that the result reached in this case is indeed illogical. Common sense should be applied to produce a result that comports with the purpose of the legislation creating additional compensation for the violation of a specific safety standard.

Ohio Adm.Code 4121:1–3–10(K)(8) addresses two-point suspension scaffolds and provides that "[e]ach employee shall be protected by an approved safety belt attached to a lifeline." Ohio Adm.Code 4121:1–3–03(J)(1), which specifically addresses safety belts, states that " * * * safety belts and lanyards shall be *provided by the employer* and it shall be the *responsibility of the employee* to wear such equipment." (Emphasis added.) Construing these two safety requirements most favorably to the employer, as we must, the only logical conclusion is that the employer's duty is to provide safety belts and it is then incumbent on the employee to use them.

In his sworn statement, the claimant admits that " * * * the employer did provide safety belt w/line," but that on the date of his injury he could not find one. The majority then reasons that, because the claimant could not find a safety belt, this means that one was not provided. This conclusion does not follow the claimant's specific statement to the contrary. By so concluding, the majority imposes upon the employer the duty to ensure that the employee uses proper safety equipment, even though the majority called this conclusion "legally incorrect" when it was offered by the commission. The simple, logical answer to the claimant's inability to locate the safety belt he said had been provided by his employer is the same rule the General Assembly has announced for those under eighteen: if you cannot find the safety device, *e.g.*, a helmet, don't expose yourself to the danger, *e.g.*, ride a motorcycle; if you do, you are liable for a misdemeanor. (R.C. 4511.53.)

An employer cannot be an absolute guarantor of the employee's safety. *State ex rel. Frank Brown & Sons, Inc., supra.* Only those acts which are within the control of the employer may result in a VSSR award. *Id.* In this case, some evidence supports the conclusion that the employer fulfilled its legal obligation to

provide a safety belt and the employee chose not to wear one because he could not find it, not because it was not provided. Both legally and logically, each employee must take some responsibility to ensure his own safety. Even the Ohio Administrative Code in this instance expressly places a responsibility on the employee to wear a safety belt when it is provided by the employer. An employee's unilateral negligence will preclude a VSSR finding. *Id.; N. Petro-chemical Co., Nortech Div. v. Indus. Comm.* (1991), 61 Ohio St.3d 453, 575 N.E.2d 200. I believe that the commission's order is legally incorrect and not supported by some evidence. I would reverse the judgment of the court of appeals.

WRIGHT, J., concurs in the foregoing dissenting opinion.