THE STATE EX REL. R.E.H. COMPANY, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. R.E.H. Co. v. Indus.
Comm.* (1997), 79 Ohio St.3d 352.]

(No. 94-2503—Submitted May 20, 1997—Decided August 6, 1997.)

354

*Kondritzer, Gold, Frank & Crowley Co., L.P.A.,* and *Lane N. Cohen,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Yolanda L. Barnes,* Assistant Attorney General, for appellees Industrial Commission of Ohio and Bureau of Workers' Compensation.

*E.S. Gallon & Associates* and *Richard M. Malone,* for appellee claimant.

*Per Curiam.* At issue is a single specific safety requirement. Ohio Adm.Code 4121:1–5–05 provides:

"(D) Machinery control.

"(1) Disengaging from power supply.

"Means shall be provided at each machine, within easy reach of the operator, for disengaging it from its power supply. * * * "

The commission, in assessing a violation, made several findings. It found that the on/off switch on the machine was not an effective means of disengagement and had a known history of malfunction. It further found that the two remaining means of shutoff—the wall plug and the on/off switch at the wall receptacle—were not within claimant's easy reach. For the reasons to follow, we affirm the court of appeals' judgment.

R.E.H. appears to argue that the switch malfunction is irrelevant since the other methods of disengagement were available. That these two other means were nine to ten feet from claimant at the time that his hand was caught is also irrelevant according to R.E.H. R.E.H. argues that once the machine was started, claimant was free to move about the room. Therefore, claimant could have chosen to stand within easy reach of the wall plug and on/off switch at the wall. Because claimant chose not to position himself near these devices, R.E.H. contends that it cannot be held liable.

R.E.H.'s logic is convoluted. At its most abstract, R.E.H.'s position negates the need for any safety device. If the claimant was required to be nine to ten feet from the machine while moving about the room, as R.E.H. advocates, there would be no hazard against which to protect. It is self-evident that, generally, a claimant cannot be injured by a machine if he is not in contact with it. More specifically, at the time the machine unexpectedly stopped, claimant had no choice but to be at the point of injury. Claimant could not have effectively determined the cause of the machine's stoppage from nine or ten feet away.

The employer's argument also implies that claimant was negligent in not unplugging the machine or using the on/off switch at the wall before inserting his hand into the chute. This negligence, R.E.H. claims, bars a VSSR. This argument is unpersuasive. First, claimant should not be deemed negligent for failing to unplug the machine or use the wall on/off switch. Claimant had already activated the stop button on the machine and assumed that the power was off.

Second, employee negligence, where it exists, does not necessarily foreclose a VSSR. A claimant's actions bar a VSSR only where the claimant deliberately renders an otherwise complying device noncompliant. *State ex rel. Frank Brown & Sons, Inc. v. Indus. Comm.* (1988), 37 Ohio St.3d 162, 524 N.E.2d 482. In this

case, the machine, at the point of injury, was not in compliance with the specific safety requirement at issue. Claimant's actions here are, therefore, immaterial.

The judgment of the court of appeals denying the writ is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.