[Cite as *State ex rel. Madison Fire Dist. v. Indus. Comm.*, 2020-Ohio-463.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Madison Fire District, | : | |
| Relator, | : | |
| v. | : | No. 18AP-962 |
| Industrial Commission of Ohio et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

D E C I S I O N

Rendered on February 11, 2020

**On brief:** *Wiles Richards,* and *Michael P. Germano,* for relator.

**On brief:** *Dave Yost,* Attorney General, and *Kevin J. Reis,* for respondent Industrial Commission of Ohio.

**On brief:** *Leah P. VanderKaay,* and *Robert C. Ochs,* for respondent Joseph P. Purcell.

IN MANDAMUS

LUPER SCHUSTER, J.

{¶ 1} Relator, Madison Fire District, filed an original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its order finding that Madison Fire District violated a specific safety requirement, and to order the commission to find no safety violation.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court deny relator's request for a writ of mandamus. No objections have been filed to that decision.

{¶ 3}    Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law.    In accordance with the magistrate's decision, we deny relator's requested writ of mandamus.

*Writ of mandamus denied.*

BROWN and BRUNNER, JJ., concur.

———————————————

## APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Madison Fire District, | : | |
| Relator, | : | |
| v. | : | No. 18AP-962 |
| Industrial Commission of Ohio et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

Rendered on September 30, 2019

*Wiles Richards,* and *Michael P. Germano,* for relator.

*Dave Yost,* Attorney General, and *Kevin J. Reis,* for respondent Industrial Commission of Ohio.

*Leah P. VanderKaay,* and *Robert C. Ochs,* for respondent Joseph P. Purcell.

### IN MANDAMUS

{¶ 4} Relator, Madison Fire District, has filed this original action requesting this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which found that relator had violated a specific safety requirement ("VSSR"), that violation was the proximate cause of injuries to respondent Joseph P. Purcell ("claimant"), and ordering the commission to find there was no VSSR.

Findings of Fact:

{¶ 5}    1. Claimant sustained a work-related injury on September 17, 2015 while exiting the cab of a fire truck in the course of his employment with relator.

{¶ 6}    2. Claimant's workers' compensation claim has been allowed for the following conditions:

> Sprain right knee; right medial femoral chondral damage;
> right knee arthritis; adjustment disorder with mixed anxiety
> and depressed mood.

{¶ 7}    3. In April 2017, claimant filed an application seeking an additional award for relator's alleged VSSR citing Ohio Adm.Code 4123:1-21-04(H)(4)(c) and (c)(ii), and (iii). Those provisions provide, in pertinent part:

> **4123:1-2-04. Automotive fire apparatus.**
>
> * * *
>
> **(H) Vehicle components.** * * *
>
> **(4) Body.**
>
> * * *
>
> (c) Steps, platforms, or secure ladders shall be provided so
> that fire fighters have access to all working and storage areas
> of the apparatus. The maximum stepping height shall not
> exceed eighteen inches with the exception of the ground to
> first step. When the ground to first step, platform, or ladder
> rung exceeds twenty-four inches, a permanently attached
> supplemental means of access/egress from the ground to
> these steps, platforms, or secure ladders shall be provided.
> The supplemental access means shall consist of step(s),
> platform(s), or ladder(s). The ground to first step height shall
> be determined with the apparatus on level ground. When the
> apparatus is supplied with stabilizers, the ground to first step
> height shall be determined with the apparatus on level ground
> and the stabilizers deployed according to the manufacturer's
> instructions.
>
> * * *
>
> (ii) All exterior surfaces designated as stepping, standing, and
> walking areas shall have a minimum average slip resistance of

0.68 in accordance with ASTM F 1679. All interior steps shall provide an average minimum slip resistance of 0.52. Where the fuel fill is located at or near a stepping surface, the surface shall be constructed of an open grate-type material.

(iii) All steps shall have a minimum area of thirty-five square inches and be arranged to provide at least eight inches of clearance between the front of the step and any obstruction. All ladders shall have at least eight inches of clearance between any rung and the body of the apparatus.

(Emphasis sic.)

{¶ 8}  4. The Ohio Bureau of Workers' Compensation ("BWC") investigative unit prepared a report dated December 6, 2017.  That report indicates the step to the ground on engine 2124 measured 25 1/8 inches at the time of claimant's industrial injury.

{¶ 9}  5. The Madison Fire District Ohio Emergency Services Evaluation and Master Plan from winter 2009 indicates the following additional comments or observations were made with regard to Pumper/Tanker 2124, the unit at issue here:

**Pumper/Tanker 2124    Reserve**
**1995 Spartan Darley**

Seating Capacity: **6**
Pump Capacity: **1,750 GPM**
Tank Capacity: **1,500 gallons**
Condition: **Fair**
NFPA Compliant: **Yes**
Mileage: **32,603**

***Additional Comments or Observations:***  No problems noted. Equipment is neat and mounted securely. Consider installing steps into cab for safety. Clean unit.

(Emphasis sic.)

{¶ 10}  6. A hearing was held before a staff hearing officer ("SHO") on July 10, 2018.  The SHO first found that Ohio Adm.Code 4123:1-21-04(H)(4)(c)(ii) and (iii) were not applicable because they provided that exterior and interior surfaces should be slip resistant and provided for the minimum surface area of a step and neither of those were the proximate cause of claimant's injury.  The SHO found that relator did violate Ohio

Adm.Code 4123:1-21-4(H)(c) because the step to ground level on engine 2124 exceeded the maximum height requirement of 24 inches. The SHO relied on the investigative unit's report which measured the step to ground on engine 2124 at 25 and 1/8 inches.

{¶ 11} At the hearing, relator argued that it had directed that engine 2124 be built to specification using industry standards for the manufacture of the vehicle and that it did not have knowledge of the existence of a specific danger regarding the engine. The SHO specifically pointed to the 2009 master plan which recommended the installation of steps into the cab for safety was enough to put relator on notice of a safety violation.

{¶ 12} Specifically, the SHO order provides:

> The Staff Hearing Officer finds that there was a VSSR violation of 4123:1-21-04(H)(c) in that the step to ground level on engine 2124 exceeded the maximum height requirement of 24 inches. The SVIU report dated 12/06/2017 shows that the step to the ground on engine 2124 measured 25-1/8 inches at the time of this industrial injury.
>
> It is further found that the Employer, subsequent to this industrial injury, sent engine 2124 for a modification to have an additional step added below the original step on engine 2124 to reduce the height of the step to ground level to less than 24 inches and remediate the violation. Chief [Tod] Baker testified at hearing that it was his belief that the modification to the step was in response to this injury and to avoid anyone else from being injured. An invoice dated 10/30/2015 from Countryside Truck Services, Inc. contained within the body of the SVIU report evidences that a new cab step was installed on engine 2124. Therefore, it is the finding of the Staff Hearing Officer that no order requiring a correction of the violation found herein is appropriate for the reason that the violation has been corrected by the Employer and no longer exists.
>
> The determination of whether the Injured Worker's injury resulted from the Employer's failure to comply with a specific safety requirement is a factual determination, within the final jurisdiction of the Industrial Commission. The facts are that the Injured Worker was employed by the named Employer as a fire fighter focusing on Injured Worker's job duties which required him to enter and exit the cab of engine 2124 to perform some of those required job duties. Specifically, finding that the Employer did not meet it's [sic] obligation with regard to the standards for automotive apparatus for

steps as set forth in 4123:1-21-04(H)(c) to an Injured Worker who was exposed to the apparatus (engine 2124) was a potential hazard for injury. Chief Baker testified that it was his belief that engine 2124 was modified to prevent the potential for further injury. The Staff Hearing Officer finds that the facts establish by a preponderance of the evidence that the Employers violation of 4123:1-21-04(H)(c) was the proximate cause of the injury sustained by Injured Worker. State ex rel. S&Z Tool and Die v. Indus. Comm. 84 Ohio St.3d 228is instructive as to what circumstances and facts establish causation for VSSR purposes. In S&Z claimant established that she was working around a foot hazard, that the employer was obligated to provide foot protection because of the potential for injury and the employer did not. The Staff Hearing Officer finds that the circumstances here are comparable. Injured Worker was required as a function of his job duties as a fire fighter to enter and exit the cab of engine 2124 on the drivers side of the vehicle, that the Employer was obligated to have the step to the ground level of the automotive fire apparatus not exceed 24 inches, which, it did not, and Injured Worker sustained an injury. As the court established in S&Z these circumstances are sufficient to establish probable cause.

The Employer argued that pursuant to State ex rel. Camaco, LLC v. Albu, 091417 OH SC 2015-0036 prohibits finding a VSSR in this matter. Camaco, reiterates the rule that to a VSSR award cannot be sustained when the Employer lacked knowledge of the existence of a specific danger requiring a safety device.

The Staff Hearing Officer is not persuaded by the Employer's argument. It is acknowledged that the Employer directed engine 2124 be built to specification using industry standards for the manufacture of the vehicle. The Staff Hearing Officer further acknowledges that the injury suffered by Injured Worker is the first injury documented by the Employer with regard to the step height on engine 2124 in the 20 years the vehicle was in service.

In 2009, the department commissioned a master plan evaluation by an independent third party to do a study of every aspect of the fire department. As a part of that study, the fire engines in use by the department at that time were evaluated. Engine 2124 was a part of that evaluation. The evaluation report states that the department should consider

installing steps into cab for safety to engine 2124. The Employer argues that the language used in the recommendation that the Employer "consider" installing steps into cab for safety was not sufficient to make the Employer aware of or put the Employer on notice of a safety violation.

Taking the definition of consider from Black's Law dictionary as: to think about, or to ponder or study and examine the Staff Hearing Officer finds that the recommendation to consider installing steps into cab for safety in the 2009 master plan report put the Employer on notice that there was an issue to consider with regard to the step on engine 2124. Yet, the Employer as far as the evidence presented at hearing shows, did nothing with this information, there is no evidence that the step was evaluated or inspected until after Injured Worker's injury.

It is therefore ordered that an additional award of compensation be granted to the Injured Worker in the amount of 30 percent of the maximum weekly rate under the rule of State ex rel. Engle v. Indus. Comm. (1944), 142 Ohio St. 425.

(Sic. passim.)

{¶ 13} 7. Relator filed a motion for rehearing asserting that it did not know and could not have known the step was out of compliance with the safety rule and that, in the years the engine was in service, there was no evidence that any fire officers ever mentioned a problem with the step. Relator argued that it was a latent defect about which relator could not have known.

{¶ 14} 8. In an order mailed October 23, 2018, relator's motion for rehearing was denied.

{¶ 15} 9. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 16} For the reasons that follow, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.

{¶ 17} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to

the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 18} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 19} In order to establish a VSSR, a claimant must prove that: (1) there exists an applicable and specific safety requirement in effect at the time of the injury; (2) the employer failed to comply with the requirements; and (3) the failure to comply was the proximate cause of the injury in question. *State ex rel. Trydle v. Indus. Comm.*, 32 Ohio St.2d 257 (1972).

{¶ 20} The interpretation of a specific safety requirement is within the final jurisdiction of the commission. *State ex rel. Berry v. Indus. Comm.*, 4 Ohio St.3d 193 (1983). Because a VSSR is a penalty, however, it must be strictly construed, and all reasonable doubts concerning the interpretation of the safety standard are to be construed against its applicability to the employer. *State ex rel. Burton v. Indus. Comm.*, 46 Ohio St.3d 170 (1989). The question of whether an injury was caused by an employer's failure to satisfy a specific safety requirement is a question of fact to be decided by the commission subject only to the abuse of discretion test. *Trydle*; *State ex rel. A-F Industries v. Indus. Comm.*, 26 Ohio St.3d 136 (1986); *State ex rel. Ish v. Indus. Comm.*, 19 Ohio St.3d 28 (1985). Furthermore, a safety requirement must be specific

enough to plainly apprise an employer of its legal obligations to its employees. *State ex rel. Frank Brown & Sons v. Indus. Comm.,* 37 Ohio St.3d 162 (1988).

{¶ 21} There is no dispute that the distance between the step and the ground exceeds the maximum limit of 24 inches and the specific safety requirement here was violated. Relator does not dispute this. However, relator contends this is a latent defect in the product itself about which relator did not, should not, and could not have known.

{¶ 22} At the hearing, claimant testified that everyone knew the step was high; however, claimant also testified that no one ever measured the step and neither he, nor his co-workers, realized the step was higher than required by the Ohio Administrative Code. Further, Chief Baker testified that, he reviewed the records and did not find any records indicating there was a problem with the step on the engine in question. He did acknowledge that it was a big step but basically that it never occurred to anyone that the step was in violation of the Administrative Code.

{¶ 23} In support of its argument, relator cites *State ex rel. Camaco, L.L.C. v. Albu*, 151 Ohio St.3d 330, 2017-Ohio-7569, wherein the Supreme Court held:

> We further hold that an employer does not face liability for the violation of a specific safety requirement ("VSSR") when it lacked knowledge of a specific danger requiring a safety device. We reverse the judgment of the court of appeals and issue a limited writ of mandamus ordering the commission to determine whether Camaco knew or should have known about the latent defect at the time that Albu was injured.

*Id.* at ¶ 3. In *Camaco,* the court remanded the matter to the commission to determine whether the employer knew or should have known about the latent defect at the time of the employee's injury.

{¶ 24} Here, the commission considered relator's argument that it could not have known the height of the step exceeded the safety requirement and rejected that as a defense. The SHO noted that relator directed that engine 2124 be built to specifications using industry standards and acknowledged this was the first injury to an employee regarding the height of the step in the 20 years since the vehicle was put in service. The SHO looked at the 2009 Master Plan Evaluation and noted the recommendation that relator consider installing steps into the cab for safety and concluded this information

was sufficient to put relator on notice that there was some issue concerning the step which should have been evaluated by relator.

{¶ 25} The magistrate finds the commission did not abuse its discretion when it determined the information contained in the 2009 evaluation was sufficient to put relator on notice that the step should have been inspected.  Had the step been inspected, relator would have known it exceeded the 24 inch requirement. The commission cited the evidence on which it relied and provided a brief explanation for its decision and this magistrate finds relator has not demonstrated the commission abused its discretion.

{¶ 26} Based on the foregoing, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA


**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).