THE STATE EX REL. HIRSCHVOGEL, INC., APPELLANT, *v.* MILLER; INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Hirschvogel, Inc. v. Miller* (1999), 86 Ohio St.3d 215.]

(No. 97–1630—Submitted July 28, 1999—Decided August 25, 1999.)

*Vorys, Sater, Seymour & Pease* and *Theodore P. Mattis*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Cheryl J. Nester*, Assistant Attorney General, for appellees Industrial Commission of Ohio and Bureau of Workers' Compensation.

***Per Curiam.*** The commission's order contains an accurate recitation of the two specific safety requirements currently at issue—Ohio Adm.Code 4121:1–5–12(D)(3)(a)(i) and (4)(a). Hirschvogel does not dispute noncompliance with these specific safety requirements. The Cratex 203–A grinding wheel was not attached to the wheel armature with flanges, and the wheel's maximum rated speed was greatly exceeded by the minimum speed of the grinder.

Hirschvogel instead attempts to excuse its noncompliance by asserting that the provisions do not apply. Alternatively, it alleges that claimant acted negligently, thereby shielding Hirschvogel from liability. Neither contention is persuasive.

The employer's initial argument is directed primarily to Ohio Adm.Code 4121:1–5–12(D)(4)(a). Hirschvogel argues that because the rubberized nature of

the grinding wheel made it unconducive to "ring testing," it was not encompassed by section (D)(4)(a). We disagree.

Claimant's accident demonstrates the dangers of using a grinding wheel incapable of handling the R.P.M.s produced by the grinder. Yet Hirschvogel essentially argues that wheel/grinder incompatibility is somehow ameliorated by a wheel's inability to emit a ringing sound when tapped. We cannot ratify this premise. Ohio Adm.Code 4121:1–5–12 applies to "abrasive grinding and * * * polishing * * * equipment." Hirschvogel itself describes the equipment at issue as a "rubberized abrasive disc." We find, therefore, that the commission did not abuse its discretion in applying Ohio Adm.Code 4121:1–5–12(D)(4)(a) and in finding a violation of this section.

Hirschvogel also alleges that claimant was negligent in not using approved safety glasses and that this negligence immunizes it from penalty. Claimant's alleged negligence, however, even if it existed, is a defense only where the employer has *first* complied with the relevant safety requirement. See *State ex rel. Frank Brown & Sons, Inc. v. Indus. Comm.* (1988), 37 Ohio St.3d 162, 524 N.E.2d 482. Here, Hirschvogel did not satisfy either requirement at issue, negating our need to explore its assertion further.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.