DECISION
{¶ 1} Relator, Robert A. Boltenhouse, filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order exercising its continuing jurisdiction and ultimately denying relator's application for a violation of a specific safety requirement ("VSSR"). Relator also asks this court to order the commission to find that he is entitled to an additional award for the VSSR.
 {¶ 2} This court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny the requested writ. (Attached as Appendix A.) Relator filed objections to the magistrate's decision. In those objections, he essentially reargues some of the same issues he presented to the magistrate: (1) relator's injuries occurred in a "workshop" and the employer had notice that an accident involving a portable conveyor is a violation of Ohio Adm. Code4121:1-5-05(E)(2); (2) State ex rel. Parks v. Indus. Comm.
(1999), 85 Ohio St.3d 22, applies to except relator's work activities as a delivery truck driver from the requirement that the activities must be performed indoors in order to fall under the "workshop" rules; and (3) the term "portable," as used in Ohio Adm. Code 4121:1-5-05(E)(2), indicates an intent to apply the safety requirements to the conveyor wherever it is used. However, we agree with the magistrate's careful analysis of these issues, and we adopt the applicable conclusions of law.
 {¶ 3} Relator also objects to the magistrate's failure to address, or the magistrate's implicit rejection of, relator's argument that the commission should not have exercised continuing jurisdiction in this matter. While the magisate did not address this issue, we find that the commission properly exercised its continuing jurisdiction authority in this case. State ex rel.Gobich v. Indus. Comm., 103 Ohio St.3d 585, 2004-Ohio-5990, at ¶15, requires the commission to both identify and explain its basis for exercising continuing jurisdiction. The commission met that requirement here. The commission's order expressly stated: "The Staff Hearing Officer decision dated 08/25/2004 contains a clear mistake of law in that the Staff Hearing Officer failed to follow the law set forth in State ex rel. Bu[u]rma Farms, Inc.v. Indus. Comm. (1994), 69 Ohio St.3d 111[,] and State ex rel.Waugh v. Indus. Comm. (1997), 77 Ohio St.3d 453." The commission thereafter gave a detailed explanation of its consideration of the legal questions at issue, including the application ofParks; State ex rel. Buurma Farms, Inc. v. Indus. Comm.
(1994), 69 Ohio St.3d 111; State ex rel. Waugh v. Indus. Comm.
(1997), 77 Ohio St.3d 453; and State ex rel. Petrie v. AtlasIron Processors, Inc. (1999), 85 Ohio St.3d 372. In contrast, the staff hearing officer had simply noted that he had considered the employer's argument concerning Ohio Adm. Code 4121:1-5-05 and "finds it unpersuasive." Therefore, the commission did not err in this respect.
 {¶ 4} For these reasons, we overrule relator's objections to the magistrate's decision. Having made our own review of the evidence and legal issues presented, and finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ is denied.
Objections overruled, writ of mandamus denied.
Petree and Sadler, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : Robert A. Boltenhouse, : :
Relator, : : No. 05AP-582 v. : :
: (REGULAR CALENDAR) :
Industrial Commission of Ohio et al.,: :
Respondents. :
 MAGISTRATE'S DECISION Rendered on November 22, 2005 Larrimer Larrimer, and Thomas L. Reitz, for relator.
Jim Petro, Attorney General, and Kevin J. Reis, for respondent Industrial Commission of Ohio.
Habash, Reasoner Frazier, and Stephen J. Habash, for respondent MBM Corporation (formerly First American Carriers, Inc.)
IN MANDAMUS
 {¶ 5} Relator, Robert A. Boltenhouse, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order exercising its continuing jurisdiction and ultimately denying relator's application for a violation of a specific safety requirement ("VSSR"). Relator requests a writ of mandamus ordering the commission to find that he is entitled to an additional award for the VSSR.
Findings of Fact:
 {¶ 6} 1. Relator sustained his injuries on May 24, 2001. At the time, relator was driving a truck for First American Carriers, Inc. ("employer"), delivering food to various restaurants throughout the midwestern states. At the time of his injury, relator had been unloading product from his truck to a Red Lobster restaurant in Cincinnati, Ohio. Relator was utilizing a conveyor roller ramp, which utilized gravity to move the product from the truck to the dock area outside the restaurant. One end of the roller ramp rested on the back of the truck while the other end rested on the dock. There were portable stands supporting the weight of the conveyor roller ramp along the route between the truck and dock. At the time his injuries occurred, the conveyor roller ramp had begun to tilt and relator caught the weight of it and incurred his injuries. Relator's claim has been allowed for "contusion of back, coccyx; sprain of neck; sprain thoracic region; sprain lumbar region."
 {¶ 7} 2. On May 7, 2003, relator filed an application for an additional award for a VSSR, alleging that his injuries occurred as a result of the employer's failure to securely fasten the conveyor roller ramp to the truck and its bases as required by Ohio Adm. Code 4121:1-5-05(E)(2).[1]
 {¶ 8} 3. Relator's application was heard before a staff hearing officer ("SHO") on August 25, 2004. The SHO concluded that the employer had violated Ohio Adm. Code 4121:1-5-05(E)(2) based upon the SHO's conclusion that the conveyor roller ramp in question was a machine and, specifically, "portable machinery" as defined in Ohio Adm. Code 4121:1-5-05(E)(2). The SHO concluded that the employer was required to provide a method to mount the conveyor roller ramp to the base of the truck and that the employer's failure to do so was the proximate cause of relator's injuries. With regard to the employer's argument that Ohio Adm. Code 4121:1-5-05 did not apply because this was neither a workshop nor a factory, the SHO stated as follows:
The Staff Hearing Officer has considered the employer's argument that O.A.C. 4121:1-5-05 WORKSHOPS AND FACTORIES does not apply to the factual situation herein (i.e. being outside an enclosed site) and finds it unpersuasive.
 {¶ 9} 4. The employer filed a request for rehearing, which was denied by order of the commission mailed December 4, 2004, because the employer had failed to submit new and relevant evidence and failed to show that the August 25, 2004 order was based on an obvious mistake of fact or on a clear mistake of law.
 {¶ 10} 5. Thereafter, the employer filed a motion for reconsideration, which was ultimately granted by the commission. The commission determined that the August 25, 2004 order contained a clear mistake of law as follows:
* * * The Staff Hearing Officer decision dated 08/25/2004 contains a clear mistake of law in that the Staff Hearing Officer failed to follow the law set forth in State ex rel. Bu[u]rmaFarms, Inc. v. Indus. Comm. (1994), 69 Ohio St.3d 111 and Stateex rel. Waugh v. Indus. Comm. (1997), 77 Ohio St.3d 453. The Staff Hearing Officer decision dated 12/01/2004 constitutes an error of an inferior tribunal, in that the Staff Hearing Officer failed to address the legal error contained in the 08/25/2004 Staff Hearing Officer order, and denied the employer's request for rehearing.
The injured worker was a truck driver who was making a delivery of boxed food items to a restaurant. He was outdoors in a customer parking lot adjacent to the restaurant, and in the process of unloading the truck, when a gravity conveyor tipped over and fell on him. The parking lot was not fenced in, or enclosed in any manner. The injured work alleged a violation under Ohio Adm. Code 4121:1-5-05(E)(1)-(2). Ohio Adm. Code 4121:1-5 is entitled "All Workshops and Factories." The code itself does not give a definition of a workshop. However, in Bu[u]rma Farms
the Supreme Court of Ohio defined a workshop as a "room or place wherein power-driven machinery is employed and manual labor is exercised by way of trade for gain or otherwise." In Waugh, the Supreme Court stated that the definition "refers to a place wherein the relevant power machinery and manual labor is employed, not whereat these activities occur." The injured worker's injury in this case did not occur indoors, but rather outdoors in the parking lot of a customer of the employer of record. The Commission accordingly finds that the injured worker was not injured in a workshop.
The injured worker does not fall under the exception in Stateex rel. Petrie v. Atlas Iron Processors, Inc. (1999),85 Ohio St.3d 372 for a fenced in area that" set forth the boundaries of work activity" serving to "keep unauthorized non-employees out" and thus establishing "its confines as a place accessible only to employees for the purpose of carrying out the company's business." The parking lot in which the injury occurred was unfenced and open to the general public. Further, the injured worker does not fall under the exception in State ex rel. Parksv. Indus. Comm. (1999), 85 Ohio St.3d 22 for work that "cannot be performed indoors." Richard A. Hayes, safety expert, testified at the 08/25/2004 Staff Hearing Officer hearing that he has seen non-powered portable conveyors mounted on bases, such as in this claim, used inside a building. Therefore, the Commission concludes that the activity performed by the injured worker that gave rise to his injury in this claim can be performed both indoors and outdoors, making the Parks exception inapplicable.
In conclusion, the Commission denies the injured worker's application for violation of a specific safety requirement, filed 05/07/2003, as the injured work was not working in a workshop when injured. There has been no allegation that the injured worker was working in a factory when injured.
 {¶ 11} 6. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 12} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. Stateex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order that is not supported by any evidence in the record. Stateex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. DiamondFoundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State exrel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.PRIVATE
 {¶ 13} In regard to an application for an additional award for a VSSR, relator must establish an applicable and specific safety requirement exists, which was in effect at the time of the injury, that the employer failed to comply with the requirement, and that the failure to comply was the cause of the injury in question. State ex rel. Trydle v. Indus. Comm. (1972),32 Ohio St.2d 257. The interpretation of a specific safety requirement is within the final jurisdiction of the commission. State ex rel.Berry v. Indus. Comm. (1983), 4 Ohio St.3d 193. Because a VSSR award is a penalty; however, it must be strictly construed, and all reasonable doubts concerning the interpretation of this safety standard are to be construed against its applicability to the employer. State ex rel. Burton v. Indus. Comm. (1989),46 Ohio St.3d 170. The question of whether an injury was caused by an employer's failure to satisfy the specific safety requirement is a question of fact to be decided by the commission subject only to the abuse of discretion test. Trydle, supra; State exrel. A-F Industries v. Indus. Comm. (1986), 26 Ohio St.3d 136;State ex rel. Ish v. Indus. Comm. (1985), 19 Ohio St.3d 28.
 {¶ 14} Relator contends that the commission abused its discretion by interpreting Ohio Adm. Code 4121:1-5-05(E)(2) to exclude the portable roller conveyor used by relator while making his deliveries. Relator argues that Ohio Adm. Code4121:1-5-05(E)(2) requires that portable machinery be fastened to prevent movement while the machine is in operation. For the reasons that follow, the magistrate finds that the commission did not abuse its discretion in the present case.
 {¶ 15} Ohio Adm. Code 4121:1-5-05(E)(2) provides as follows:
(E) Anchoring and mounting of machinery.
(1) Stationary machinery.
* * *
(2) Portable machinery.
Portable machinery mounted upon trucks or bases shall be securely fastened thereto, and such truck or base shall be so locked or blocked as to prevent movement or shift while such machine is in operation.
 {¶ 16} Ohio Adm. Code Chapter 4121:1-5 is entitled "Specific Safety Requirements for Workshops and Factories."
 {¶ 17} In the present case, the commission determined that the reference code section was not applicable because the portable roller conveyor was not used, and the injuries did not occur, inside a workshop or factory. In State ex rel. BuurmaFarms, Inc. v. Indus. Comm. (1994), 69 Ohio St.3d 111, the claimant severely injured her right hand while moving vegetables from a tank to a conveyor belt when the conveyor's unguarded drive belt caught her jacket. The injuries occurred on a farm. The commission found violations of Ohio Adm. Code4121:1-5-05(C)(2) and (4), and 4121:1-5-05(D)(1) based upon the commission's finding that claimant's injuries occurred in a "workshop" located on the farm. Specifically, the commission had stated as follows:
"* * * The [Franklin County Appellate] Court in State ex rel.York Temple Country Club v. Industrial Commission of Ohio [(Apr. 18, 1985), Franklin App. No. 84AP-818, unreported] relied on Black's Law Dictionary to find [that a `workshop' is] `* * * a room or place where power driven machinery is employed and manual labor is exercised by way of trade for gain or otherwise.' TheLocation of claimant's accident was in a place, a 3 sided building with a permanent roof, concrete floor and ceiling light fixtures where power driven machinery was employed. Essentially the court was looking toward an enclosure in which the accident occurred. [Ohio Adm. Code Chapter] 4121:1-5 further applies here because the nature of claimant's employment was not in an open boundless field, but within specific boundaries of a fixedbuilding which contained a conveyor to pack and load productswhich were the end result of farm labors." (Emphasis added.) * * *
Buurma Farms, at 112. On appeal to the Ohio Supreme Court, that court held as follows:
"* * * The specific requirements of this code are requirements upon an employer for the protection of such employer's employees and no others and apply to all workshops and factories subject to the Workers' Compensation Act * * *."
In alleging specific safety requirement inapplicability, appellant asserts that a farm is neither a workshop nor a factory. Appellant, however, misinterprets the commission's decision. The commission, contrary to appellant's representation, did not broadly rule that appellant's farm was a "workshop." It found that the farm contained a particular building that was a "workshop." Limiting our review to this narrower finding, we discern no abuse of discretion.
"Workshop" has not been defined statutorily, administratively or judicially by this court. As such, it must "be read in context and construed according to the rules of grammar and common usage." R.C. 1.42 and 1.41. Black's Law Dictionary (4 Ed.Rev. 1968) 1781, defines" workshop":
"Within Workmen's Compensation Acts, a room or place wherein power-driven machinery is employed and manual labor is exercised by way of trade for gain or otherwise."
Appellant does not dispute that claimant worked in a room where power-driven machinery was used and manual labor was "exercised by way of trade for gain * * *." The commission, therefore, properly found that claimant was injured in a workshop.
(Emphasis sic.)
 {¶ 18} In State ex rel. Waugh v. Indus. Comm. (1997),77 Ohio St.3d 453, the claimant sustained injuries while cutting the grass on the grounds of the Elyria Waste Water Treatment Facility when the lawnmower he was using ran over his right foot and severed two toes. The claimant was not wearing hard-toed shoes or any other form of protective footgear. The claimant alleged a violation of Ohio Adm. Code 4121:1-5-17(E), which requires that foot protection be provided where an employee is exposed to machinery that presents a foot hazard. The commission concluded the claimant was not in a "workshop" at the time of his injury and that the cited code provision was not applicable. Ultimately, the Ohio Supreme Court agreed with the commission and stated as follows:
"In Buurma Farms, * * * [69 Ohio St.3d at 112, 113,630 N.E.2d at 686, 687, the court] defined a `workshop' as `a room or place where[in] power-driven machinery is employed and manual labor is exercised by way of trade for gain or otherwise.' InBuurma Farms and [State ex rel. Wiers Farms Co. v. Indus.Comm. (1994), 69 Ohio St.3d 569], the court found Ohio Adm. Code [Chapter] 4121:1-5 to apply because the claimants' employment was within the specific boundaries of a fixed building and the injuries occurred while working on machinery in those buildings. Here, [Waugh's] injury occurred while mowing grass in an open area outside of a building, and Ohio Adm. Code [Chapter] 4121:1-5 is not applicable."
As the court of appeals observed, we have defined "workshop" as "`a room or place wherein power-driven machinery is employed and manual labor is exercised by way of trade for gain or otherwise.'" Buurma Farms, supra. Waugh contends that Ohio Adm. Code Chapter 4121:1-5 also applies to workplaces without structural boundaries by seizing on the "room or place" language. Since this language is in the disjunctive, he argues that the definition transcends boundaries, extending to any
place where the requisite machinery and labor are in use. This expansive interpretation makes sense, he insists, because other sections within the chapter, specifically Ohio Adm. Code4121:1-5-28 (specific safety requirements for helicopter use) and 4121:1-5-29 (specific safety requirements for blasting operations), extend protections to activities commonly conducted outdoors.
We disagree. Our definition refers to a place where in the relevant power machinery and manual labor is employed, not where at these activities occur. The court of appeals in Stateex rel. York Temple Country Club, Inc. v. Indus. Comm. (Apr. 18, 1985), Franklin App. 84AP-818, unreported, recognized this small but significant distinction and, adopting its referee's reasoning, concurred that "the `shop' portion of `workshop' connotes some form of enclosure." The York court therefore concluded that a claimant's injury by an errant golf ball while working at a golf course driving range had not occurred in a workshop. We find this logic compelling, as is manifest from our decisions in Buurma Farms, Weirs Farms, and State ex rel.Double v. Indus. Comm. (1992), 65 Ohio St.3d 13, 599 N.E.2d 259
(construction site does not constitute a workshop).
In the face of this logic, we cannot transform the accepted meaning of workshop to account for provisions in Ohio Adm. Code Chapter 4121:1-5 that seemingly regulate outdoor activity. Our admonition in Double at 16-17, 599 N.E.2d at 261, prevents any construction contrary to the reasonable expectations of employers:
"A VSSR is an employer penalty and must be strictly construed in the employer's favor. [Citation omitted.] It must also be specific enough to `"plainly * * * apprise an employer of his legal obligations to his employees."' State ex rel. Frank Brown Sons, Inc. v. Indus. Comm. (1988), 37 Ohio St.3d 162, 163,524 N.E.2d 482, 484. It thus follows that an employer should not have to speculate as to whether it falls within the class of employers to whom a specific safety requirement applies."
(Emphasis sic.)
 {¶ 19} Relator points to the court's decision in State exrel. Parks v. Indus. Comm. (1999), 85 Ohio St.3d 22, and argues that all activities which are obviously conducted outdoors must be considered as exceptions to the rule that Ohio Adm. Code Chapter 4121:1-5 only protects activities occurring indoors, in workshops or factories. In Parks, the claimant had received an electrical shock from a power line while trimming a storm-damaged tree. The claimant had alleged a violation of Ohio Adm. Code4121:1-5-23(E)(1) and (2), which provided, in pertinent part, as follows:
(E) Approach distances to exposed energized conductors and equipment.
(1) The requirements of this paragraph apply only to the electric utility and clearance tree-trimming industries.
(2) No employee shall be required to approach or take any conductive object closer to any electrically energized power conductors and equipment than prescribed in table 4121:1-5-23(E) to this rule unless:
(a) The employee is insulated or guarded from the energized parts (insulating gloves rated for the voltage involved shall be considered adequate insulation); or
(b) The energized parts are insulated or guarded from the employee and any other conductive object at a different potential; or
(c) The power conductors and equipment are deenergized and grounded.
 {¶ 20} In Parks, the court found an exception to the requirement that this code section only applies to workshops and factories because, by its very language, Ohio Adm. Code4121:1-5-23(E)(1) specifically applies to "clearance tree-trimming industries." Because the court found that tree trimming is obviously conducted outdoors, the court found that this must be considered an exception to the rule that Ohio Adm. Code Chapter 4121:1-5 protects activities occurring indoors in workshops or factories.
 {¶ 21} Relator argues that his job takes him outside to make deliveries every day and that, from the code's use of the word "portable" in Ohio Adm. Code 4121:1-5-05(E)(2), it is presumed that this particular piece of machinery actually leaves the workshop/factory with relator and that the safety provisions apply. This magistrate disagrees.
 {¶ 22} First, relator places his focus on his job duties while the code focuses on the place wherein the machinery is used. Second, even if, arguably, some portable machinery can and does leave the confines of a workshop/factory, machinery does not automatically leave the confines of a workshop/factory simply because it is portable and can be moved.
 {¶ 23} The magistrate finds that the commission did not abuse its discretion in finding that relator's injuries did not occur within a workshop or factory and that the cited provision does not apply. This case does not present a reason to find an exception to the "workshop" requirement as was found in Parks.
Furthermore, the magistrate finds that the commission did not abuse its discretion by refusing to create another exception to the "workshop" requirement, as the court created in Parks.
While relator is correct to assert that it would be prudent to secure the roller conveyor at the truck, the dock, and the stands upon which it rests, these particular cited code provisions do not apply. As stated previously, a violation can only be found where there is an applicable and specific safety requirement in existence that applied and, because a VSSR award is a penalty, all reasonable doubts concerning the interpretation of the safety standard are to be construed against its applicability to the employer. The VSSR provisions of the Ohio Administrative Code serve to put employers on notice. In the present case, because the code provisions apply to factories and workshops, the instant employer would not have been on notice that the failure to secure this portable roller conveyor would result in the violation of a VSSR and a financial penalty to the employer. As such, the magistrate finds the commission did not abuse its discretion in finding that the code provision did not apply and in denying relator's application for an additional award for the violation of a specific safety requirement, and relator's request for a writ of mandamus should be denied.
 /s/ Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE
[1] Effective November 1, 2003, the Ohio Bureau of Workers' Compensation safety and hygiene rules hearing administrative code division-level designation 4121:1 have been renumbered and currently bear instead division-level designation 4123:1. However, to be consistent, it will be referred to as 4121:1 throughout this decision.