THE STATE, EX REL. AMERICAN HOME PRODUCTS CORP., EKCO HOUSEWARES COMPANY DIVISION, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. American Home Products Corp., *v.* Indus. Comm. (1988), 39 Ohio St. 3d 317.]

(No. 87-871—Submitted August 19, 1988—Decided November 9, 1988.)

*Frank E. Gafney* and *David R. Cook,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Teresa Oglesby McIntyre,* for appellee Industrial Commission.

*W. Michael Shay,* for appellee Mathews.

*Per Curiam.* Appellant specifically contends that the commission's determination of a violation of IC-5.08.03 (A)(3) was not supported by "any evidence," as it was erroneously premised on an unsupported version of the accident. We disagree.

Where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus will not lie. *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936. Moreover, as we stated in *Burley,* "[t]he commission *alone* shall be responsible for the evaluation of the weight and credibility of the evidence before it." (Emphasis added.) *Id.* at 20-21, 31 OBR at 72, 508 N.E. 2d at 938.

In the present case, the commission, after considering the Stanfield affidavit, determined that appellee-claimant's injury was the result of appellant's failure to satisfy the safety requirements of IC-5.08.03(A)(3). There was thus some evidence in support of its decision.

Accordingly, we affirm the judgment of the court of appeals denying the writ.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.