[Cite as *State ex rel. Newark Group, Inc. v. Admin., Bur. of Workers' Comp.*, 2021-Ohio-1939.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. The Newark Group, Inc., | : | |
| Relator, | : | |
| v. | : | No. 19AP-544 |
| Administrator, Bureau of Workers' Compensation, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on June 8, 2021

**On brief:** *Morrow & Meyer LLC*, *Corey V. Crognale*, and *Susan Chae,* for relator.

**On brief:** *Dave Yost*, Attorney General, *John R. Smart*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

KLATT, J.

{¶ 1} Relator, The Newark Group, Inc., commenced this original action in mandamus seeking an order compelling respondent, the Administrator of the Ohio Bureau of Workers' Compensation ("BWC"), to vacate its order denying relator's request for full reimbursement from the surplus fund for amounts relator paid to a claimant as an additional award for relator's violation of a specific safety requirement ("VSSR") after that award was overturned in subsequent proceedings.

{¶ 2}    Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including findings of fact and conclusions of law which is appended hereto.  The magistrate found that even though a VSSR award may serve a punitive or prophylactic purpose, such an award is "compensation" paid by a participating self-insured employer to the claimant under R.C. 4123.512(H).  Therefore, following the determination that the VSSR award was erroneously paid, the BWC should have granted relator's request for full reimbursement from the surplus fund as authorized by R.C. 4123.512(H).

{¶ 3}    In support of the conclusion that a VSSR award is "compensation" under R.C. 4123.512(H), the magistrate noted that VSSR awards find their source in the Ohio Constitution, Article II, Section 35.  That constitutional provision provides that such awards "shall be added by the board, to the amount of compensation that may be awarded on account of such injury, disease, or death, and paid in like manner as other awards."  The magistrate also emphasized that Ohio Adm.Code 4121-3-20(A) defines a VSSR award as "an additional award of compensation founded upon the claim that the injury, occupational disease, or death resulted from the failure of the employer to comply with the specific requirement for the protection of health, lives, or safety of employees."  The magistrate further noted that the Supreme Court of Ohio has referred to VSSR awards as compensation to a claimant.  *See State ex rel. Kroger Co. v. Indus. Comm.*, 62 Ohio St.2d 4, 6 (1980) (while awards for violations of specific safety requirements are penal insofar as they affect employers, they are compensatory insofar as the employee is concerned because the award goes directly to the injured employee, not to the state as a fine); *State ex rel. Byington Builders Ltd. v. Indus. Comm.*, 156 Ohio St.3d 35, 2018-Ohio-5086, ¶ 1 (characterizing a VSSR award paid by the employer as additional compensation to the claimant).  Lastly, the magistrate observed that Ohio Adm.Code 4123-17-32(B) ("[s]elf insuring employer assessment based on paid compensation") defines "paid compensation" as including, among other items, "all amounts paid by a self-insuring employer for a violation of a specific safety standard pursuant to section 35 of article II, Ohio Constitution, and section 4121.47 of the Revised Code."  (Mag's. Decision at ¶ 39.)

{¶ 4}    Because an erroneously paid VSSR award is compensation paid by an employer to a claimant, the magistrate found that R.C. 4123.512(H) granted relator, a

participating self-insured employer, the right to be reimbursed from the surplus fund. Therefore, the magistrate has recommended that we grant relator's request for a writ of mandamus.

{¶ 5} The BWC has filed objections to the magistrate's decision. In its first objection, the BWC contends that "[t]he magistrate erred in finding a VSSR is compensation as applied to the employer." The BWC argues that because the purpose of a VSSR award is to punish the employer, and the purpose of compensation paid to a claimant is to replace lost wages due to a workplace injury, a VSSR award paid by an employer to a claimant is not compensation under R.C. 4123.512(H). We disagree.

{¶ 6} Regardless of the purpose of a VSSR award, or the general purpose of workers' compensation benefits paid to a claimant, a VSSR award is compensation paid by an employer to the claimant. Ohio Constitution, Article II, Section 35 states that a VSSR award shall be added to a claimant's compensation. As emphasized by the magistrate, Ohio Adm.Code 4121-3-20(A) defines a VSSR award as "an additional award of compensation." Ohio Adm.Code 4123-17-32(B) also defines "paid compensation" to include all amounts paid by a self-insuring employer for a VSSR violation. Lastly, the Supreme Court of Ohio has characterized VSSR awards as additional compensation paid by the employer to the claimant. For these reasons, we agree with the magistrate that the punitive or prophylactic purpose of a VSSR award paid by an employer to a claimant does not mean that the award is something other than compensation for purposes of R.C. 4123.512(H). The BWC's interpretation of R.C. 4123.512(H) that excludes a VSSR award from compensation is unreasonable. Therefore, we overrule the BWC's first objection.[1]

{¶ 7} In its second objection, the BWC argues that the magistrate erred when he found that "a VSSR award is compensation to the employer." However, the magistrate made no finding that a VSSR award is compensation to the employer. Rather, for the

---

[1] In support for its argument that VSSR awards are not compensation paid to a claimant, the BWC makes a passing reference to the Industrial Commission's authority under R.C. 4121.47(B) to assess an additional civil penalty of up to $50,000 against any employer that has had two or more safety violations in a 24-month period. However, as the BWC recognizes, unlike a VSSR award that is paid directly to a claimant, the additional civil penalty referenced in R.C. 4121.47(B) is not paid to the claimant. It is deposited into the BWC's safety and hygiene fund. Therefore, the possibility of an additional civil penalty pursuant to R.C. 4121.47(B) lends no support to the argument that a VSSR award paid to a claimant is not compensation under R.C. 4123.512(H).

reasons previously identified, the magistrate found that a VSSR award paid by an employer to a claimant is compensation as that term is used in R.C. 4123.512(H). Accordingly, we overrule the BWC's second objection.

{¶ 8} In its third objection, the BWC argues that the magistrate erred in misapplying the term "paid compensation," as defined in R.C. 4123.35(M), to determine the meaning of "compensation" in R.C. 4123.512(H). Essentially, the BWC argues that because the definition of "paid compensation" in R.C. 4123.35(M) includes references to statutes that provide for compensation to a claimant as well as to several categories of payments that are made in lieu of compensation, that definition does not support the magistrate's decision. We note that payments made in lieu of compensation referenced in R.C. 4123.35(M) are not at issue in this case. We further note that R.C. 4123.35(M) expressly includes VSSR awards in its definition of "paid compensation." We fail to see how the magistrate erred by considering the definition of "paid compensation" in the context of other constitutional, statutory, and code provisions in determining whether the reference to "compensation" in R.C. 4123.512(H) includes a VSSR award. Therefore, we overrule the BWC's third objection.

{¶ 9} Although not identified as a specific objection, the BWC also argues that because R.C. 4123.512(H) expressly grants state-fund employers the right to reimbursement from the surplus fund for a VSSR award erroneously paid to a claimant, but fails to expressly include the same right for participating self-insured employers, the General Assembly clearly intended to exclude participating self-insured employers from that remedy. Therefore, the BWC argues there was no reason for the magistrate to resort to rules of statutory interpretation. Again, we disagree.

{¶ 10} In determining whether R.C. 4123.512(H) applied to an overturned VSSR award for both state-fund and participating self-insured employers, the magistrate first had to determine whether the word "compensation" included a VSSR award. If it did, R.C. 4123.512(H) expressly authorizes reimbursement of erroneously paid VSSR awards from the surplus fund for both state-fund and participating self-insured employers. For the reasons previously noted, we agree with the magistrate that the word "compensation" as used in R.C. 5123.512(H) includes a VSSR award. Contrary to the BWC's assertions, that

conclusion does not render superfluous the later express reference to state-fund employers' right to reimbursement for erroneously paid VSSR awards. As stated by the magistrate:

> The language spells out conditions for reimbursement for state fund employers who have been the object of a VSSR finding *and paid assessments for the violation*, the VSSR award having been initially paid to the claimant out of the general fund. For state fund employers who have yet to be assessed, no out of pocket cost exists and no reimbursement should follow. The statute therefore addresses the differing conditions under which state fund and self-insured employers incur VSSR award expenses, since the latter pay such awards directly, and the former pay indirectly by means of subsequent assessments.

(Emphasis sic; Mag.'s Decision at ¶ 45.)

{¶ 11} We agree with the magistrate's observation. Because the statute's specific reference to reimbursement of state-fund employers for erroneously paid VSSR awards is not superfluous or inconsistent with the finding that "compensation" as used R.C. 4123.512(H) includes a VSSR award, we overrule this objection to the extent that this argument is a separate objection.[2]

{¶ 12} Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant relator's request for a writ of mandamus.

*Objections overruled; writ of mandamus granted.*

BROWN and MENTEL, JJ., concur.

--------

[2] In response to the BWC's objections, relator argues that the BWC's interpretation of R.C. 4123.512(H) violates the right to a remedy under Ohio Constitution, Article II, Section 16, because relator would be left without a remedy for an erroneously paid VSSR award. We agree with the magistrate that because this matter can be resolved by applying the language of the statute, it is unnecessary to reach relator's constitutional argument. *In re Miller*, 63 Ohio St.3d 99 (1992); *First Bank of Marietta v. Roslovic & Partners, Inc.*, 10th Dist. No. 03AP-332, 2004-Ohio-2717, ¶ 52 (A court need not address constitutional arguments where legal arguments dispose of the question.).

## **APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. The Newark Group, Inc., | : | |
| Relator, | : | |
| v. | : | No. 19AP-544 |
| Administrator, Bureau of Workers' Compensation, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

## M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 30, 2020

*Morrow & Meyer LLC, Corey V. Crognale,* and *Susan Chae,* for relator.

*Dave Yost,* Attorney General, *John R. Smart,* for respondent.

IN MANDAMUS

{¶ 13} Relator, The Newark Group, Inc. ("Newark Group"), brings this original action seeking a writ of mandamus ordering respondent, the Administrator of the Ohio Bureau of Workers' Compensation ("BWC"), to vacate its order denying Newark Group's request for full reimbursement from the surplus fund for amounts paid to a worker pursuant to an additional award for Newark Group's violation of a specific safety requirement ("VSSR") after the VSSR award was ultimately overturned in subsequent proceedings.

Findings of Fact:

{¶ 14} 1. Newark Group is a corporation authorized to do business in the state of Ohio.

{¶ 15} 2. Newark Group is a self-insured employer under applicable Ohio workers' compensation laws.

{¶ 16} 3. Newark Group participates in and has paid into BWC's Optional Disallowed Claim Reimbursement Program pursuant to R.C. 4123.52(H), 4123.35(J)(2), and Ohio Adm.Code 4123-17-32. Informally known as the "*Sysco* Fund," this component of the BWC Surplus Fund provides a means through which participating self-insured employers may obtain reimbursement for compensation paid to a claimant whose award is later overturned. In keeping with its name, the program is optional and self-insured employers may opt out and receive a reduction in Surplus Fund assessment premiums.

{¶ 17} 4. Newark Group's employee, John Ruckman, suffered an injury in the course and scope of his employment with Ohio Paperboard, a division or subsidiary of Newark Group, in 2012. (Stip. at 5.) Ruckman's claim was allowed for severe injuries. Ruckman filed in 2013 an application for an additional award, asserting that a VSSR by Newark Group caused his accident. (Stip. at 1.)

{¶ 18} 5. An Industrial Commission ("commission") staff hearing officer ("SHO") granted the VSSR award by order mailed May 7, 2015. (Stip. at 8.)

{¶ 19} 6. Newark Group began a mandamus action to set aside the VSSR award. The Tenth District Court of Appeals denied the writ. *State ex rel. Ohio Paperboard v. Indus. Comm.*, 10th Dist. No. 15AP-871, 2016-Ohio-7005.

{¶ 20} 7. On appeal, the Supreme Court of Ohio reversed and granted a writ ordering the commission to vacate its order and enter an order denying the VSSR award. *State ex rel. Ohio Paperboard v. Indus. Comm.*, 152 Ohio St.3d 155, 2017-Ohio-9233.

{¶ 21} 8. Newark Group sought and obtained reimbursement from the *Sysco* Fund in the amount of $165,506.26 for payments made to the claimant during the period the initial VSSR order was in force. (Stip. at 39, 48.)

{¶ 22} 9. By decision dated June 19, 2019, the BWC self-insured review panel determined that the *Sysco* Fund reimbursement was issued in error and ordered Newark Group to repay the funds to the BWC. (Stip. at 52.) Newark Group complied.

{¶ 23} 10. The panel's decision extensively addressed the distinction between temporary total disability ("TTD") compensation and VSSR awards, and their respective eligibility for reimbursement under the *Sysco* Fund:

> The *Sysco* case addressed an issue regarding temporary total compensation, not a VSSR award. Temporary total compensation is created under R.C. 4123.56. VSSR awards are penalties to employers created under the Ohio Constitution, Article II, Section 35 which states "[s]uch board shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employees, enacted by the General Assembly or in the form of an order adopted by such board, and its decision shall be final."

> Because VSSRs are penalties, they are treated differently than compensation. The non-adversarial nature of workers' compensation proceedings does not apply to VSSR proceedings. See *State v. Ohio Stove Co.* (1950), 154 Ohio St. 27. Moreover, VSSR awards place a higher burden of proof on the claimant, namely strict construction as opposed to a mere preponderance of evidence used when determining compensation awards. *State ex rel. Burton v. Indus. Comm.* (1986), 39 Ohio St.3d 317, ("[b]ecause a VSSR award is a penalty...it must be strictly construed and all reasonable doubts concerning the interpretation of the safety standard are to be construed against its applicability to the employer."). Procedurally, a VSSR award against a state fund employer, and a VSSR award against a self-insuring employer, are handled differently. For state fund employers, VSSR awards are paid upfront from the State Insurance Fund, with the payments subsequently billed by BWC dollar-for-dollar to the employer. Alternatively, active self-insuring employers are responsible for direct payment of VSSR awards, as was the case here.

> Statutory construction also distinguishes VSSR awards from compensation. As a preliminary matter, counsel's reference to R.C. 4123.512(F) is not found to be relevant to the issue before the Panel. Counsel also argued the applicability of R.C. 4123.512(H)(1), which states:

> An appeal from an order issued under division (E) of section 4123.511 of the Revised Code or any action filed in court in a case in which an award of compensation or medical benefits has been made shall not stay the payment of

compensation or medical benefits under the award, or payment for subsequent periods of total disability or medical benefits during the pendency of the appeal. *If, in a final administrative or judicial action, it is determined that payments of compensation or benefits, or both, made to or on behalf of a claimant should not have been made, the amount thereof shall be charged to the surplus fund account under division (B) of section 4123.34 of the Revised Code.* In the event the employer is a state risk, the amount shall not be charged to the employer's experience, and the administrator shall adjust the employer's account accordingly. *In the event the employer is a self-insuring employer, the self-insuring employer shall deduct the amount from the paid compensation the self-insuring employer reports to the administrator under division (L) of section 4123.35 of the Revised Code. If an employer is a state risk and has paid an assessment for a violation of a specific safety requirement, and, in a final administrative or judicial action, it is determined that the employer did not violate the specific safety requirement, the administrator shall reimburse the employer from the surplus fund account under division (B) of section 4123.34 of the Revised Code for the amount of the assessment the employer paid for the violation.* (Emphasis added.)

The first italicized sentence only applies to compensation and/or medical benefits. A VSSR award is neither; hence, this provision does not apply. The second italicized sentence indicates, that for compensation or benefits, a self-insuring employer's remedy is to deduct the amount of the compensation or benefits from the required annual paid compensation report to determine annual self-insured assessments. The third italicized sentence sets forth how VSSR awards are treated. Most notably, the statute addresses relief for state fund employers and is silent as to VSSR awards for self-insuring employers.

When construing a statute, the Panel's main objective is to determine and give effect to the legislative intent. *State ex rel. Solomon v. Police & Firemen's Disability & Pension Fund Bd. of Trustees* (1995), 72 Ohio St.3d 62, 65. The intent of the General Assembly must be determined primarily from the language of the statute itself. *Stewart v. Trumbull Cty. Bd. of Elections* (1973), 34 Ohio St.2d 129, 130. When a statute is unambiguous, the statute is applied as written. *Portage Cty. Bd. of Commrs. V. Akron* (2006), 109 Ohio St.3d 106 (citing other cases). The plain wordings of R.C. 4123.512(H) demonstrates the Ohio Legislature did not intend for self-

insuring employers to be reimbursed for overturned VSSR awards. Further, the statute clearly did not include VSSR awards as compensation. Moreover, the statute separately addresses VSSR awards. Specifically, the statute sets forth how VSSR awards are to be treated for state fund employers only, and the statute is silent as to VSSR awards for self-insuring employers. The only conclusion that can be drawn is the statute does not apply to overturned VSSR awards for a self-insuring employer.

The Sysco Fund assessment is authorized under O.A.C. 4123-17-32(D). This rule states the assessment to be "fund the portion of the surplus fund that is used for claims reimbursement for all self-insuring employers operating in Ohio who have not made an election to opt out of the right to reimbursement under the provisions of division (H) of section 4123.512 of the Revised code." As noted above, there is no remedy in R.C. 4123.512(H) for the self-insuring employer to obtain reimbursement for overturned VSSR awards. (Emphasis sic.)

(Stip. at 49-50.)

{¶ 24} 11. The administrator's designee adopted the panel decision by order entered July 15, 2019. (Stip. at 55.)

{¶ 25} 12. Newark Group filed its complaint in mandamus on August 16, 2019, seeking a writ of mandamus to correct BWC's alleged abuse of discretion in denying *Sysco* Fund reimbursement to Newark Group for the overturned VSSR award.

Discussion and Conclusions of Law:

{¶ 26} Newark Group argues that exclusion of VSSR overpayment refunds from the *Sysco* Fund violates a self-insured employer's right to a remedy under Ohio Constitution, Article I, Section 16, and does not comply with the Supreme Court's explicit holding in the case that formed the genesis for statutory creation of the *Sysco* Fund, *State ex rel. Sysco Food Servs. of Cleveland, Inc. v. Indus. Comm.*, 89 Ohio St.3d 612 (2000). Newark Group also argues that BWC has misinterpreted the applicable statutes and regulations to create a mere distinction of convenience and make VSSR payments something other than "compensation" for reimbursement purposes.

{¶ 27} For this court to issue a writ of mandamus as a remedy from a determination by BWC, Newark Group must show a clear legal right to the relief sought and that BWC has

a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that an agency has abused its discretion by entering an order that is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the agency's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the BWC or commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981). The present case, however, does not turn on any evidentiary findings, but rather on whether BWC has correctly applied the law to uncontested facts.

{¶ 28} Newark Group first asserts that in *Sysco*, the Supreme Court held that denial of surplus fund TTD reimbursement to a self-insured employer violated the constitutional guarantee of a right to a remedy found in Ohio Constitution, Article I, Section 16. By extension, Newark Group believes, a denial of *Sysco* Fund VSSR reimbursement violates the same safeguards. If self-insured employers are denied a right to reimbursement for overturned VSSR awards, then, as the original *Sysco* case, self-insured employers are left without a remedy for such overturned awards. In fact, the constitutional argument according to Newark Group is stronger here than it was in *Sysco* because prior to *Sysco*, the self-insured employer could avail itself of a right of recoupment, which no longer exists.

{¶ 29} The magistrate notes that, other than its general discussion of the constitutional right to remedy and its inspiration of a legislative response, *Sysco* is not particularly instructive on the present facts. *Sysco* involved a right to recover TTD compensation from the surplus fund. Since the Supreme Court's decision in *Sysco*, numerous amendments to the statute and structure of such repayments have altered the legal framework under which the court addresses the current question. Moreover, because the matter can be resolved by reference to statutes, administrative rules, and Supreme Court precedent, the magistrate does not unnecessarily reach the constitutional arguments put forth here. A court should not reach constitutional arguments where legal arguments will dispose of the question. *In re Miller*, 63 Ohio St.3d 99 (1992); *First Bank of Marietta v. Roslovic & Partners, Inc.*, 10th Dist. No. 03AP-332, 2004-Ohio-2717, ¶ 52.

{¶ 30} Statutory construction presents a question of law. *Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 139 Ohio St.3d 92, 2014-Ohio-1588, ¶ 10. "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation. * * * An unambiguous statute is to be applied, not interpreted." *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus. "Only when a definitive meaning proves elusive should rules for construing ambiguous language be employed. Otherwise, allegations of ambiguity become self-fulfilling." *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 11. Moreover, courts "must give due deference to an administrative interpretation formulated by an agency which has accumulated substantial expertise, and to which the legislature has delegated the responsibility of implementing the legislative command." *State ex rel. McLean v. Indus. Comm.*, 25 Ohio St.3d 90, 92 (1986), citing *Jones Metal Prods. Co. v. Walker*, 29 Ohio St.2d 173, 181 (1972).

{¶ 31} Most pertinently to the present case, "[i]t is a well-settled rule of statutory interpretation that statutory provisions be construed together and the Revised Code be read as an interrelated body of law." *State v. Moaning*, 76 Ohio St.3d 126, 128 (1996). " 'This court in the interpretation of related and co-existing statutes must harmonize and give full application to all * * * statutes [concerning the same subject matter] unless they are irreconcilable and in hopeless conflict.' " *United Tel. Co. of Ohio v. Limbach*, 71 Ohio St.3d 369, 372 (1994) (brackets in *United Telephone*), quoting *Johnson's Mkts., Inc. v. New Carlisle Dept. of Health*, 58 Ohio St.3d 28, 35 (1991); *see also State v. Cook*, 128 Ohio St.3d 120, 2010-Ohio-6305, ¶ 45. But when statutes conflict, courts "must resort to statutory interpretation and construe the statutes so as to give effect to the legislature's intent." *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, ¶ 24; *State v. Pribble*, 158 Ohio St.3d 490, 2019-Ohio-4808, ¶ 12.

{¶ 32} Ascertaining legislative intent in creating the *Sysco* Fund requires some examination of history. The surplus fund is created under R.C. 4123.34(B): "A portion of the money paid into the state insurance fund shall be set aside for the creation of a surplus fund account within the state insurance fund." The fund serves various purposes, but pertinent here are the reimbursement provisions for disallowed claims. Prior to 1993, former R.C. 4123.515 provided the means by which self-insured employers could apply for

reimbursement from the surplus fund when claims that were initially granted were subsequently denied on appeal or through mandamus proceedings. R.C. 4123.515 was subsequently replaced with R.C. 4123.511(J), which replaced reimbursement for self-insured employers from the surplus fund with recoupment withheld from future awards to the claimant involved. The Supreme Court then held in *Sysco* that the recoupment scheme was inadequate for the employer seeking to recover paid TTD because it was entirely speculative and dependent on whether the claimant would be awarded future compensation from which the recoupment amount would be withheld. The court accordingly held that to preserve the constitutionality of former R.C. 4123.511(J), self-insured employers were entitled to a meaningful remedy by seeking reimbursement from the surplus fund as before. *Sysco* at 615-16.

{¶ 33} The legislature then enacted 2006 Am. Sub. S.B. No. 7 and replaced R.C. 4123.511(J) 's recoupment procedures with new language at R.C. 4123.512(H) governing a right of reimbursement for both state-fund and self-insured employers when allowed claims were subsequently overturned. Corresponding new language at R.C. 4123.35(J) established the associated funding assessments to employers for the surplus fund and allowed self-insured employers to "opt-out" of the reimbursement component of the surplus fund, effective June 30, 2006. With the opt-out provision in place, self-insured employers that chose to retain a right to reimbursement for vacated claims would pay higher surplus fund assessments but continue to receive a right of reimbursement, causing the self-insured component of the surplus fund to acquire its current informal name of *Sysco* Fund.

{¶ 34} The question here is whether the R.C. 4123.512(H) right of reimbursement for participating self-insured employers like Newark Group includes recovery of vacated VSSR awards. The statute provides in pertinent part as follows:

> An appeal * * * in a case in which an award of compensation or medical benefits has been made shall not stay the payment of compensation * * * during the pendency of the appeal. If, in a final administrative or judicial action, it is determined that payments of compensation or benefits, or both, made to or on behalf of a claimant should not have been made, the amount thereof shall be charged to the surplus fund account under division (B) of section 4123.34 of the Revised Code. In the event the employer is a state risk, the amount shall not be

charged to the employer's experience, and the administrator shall adjust the employer's account accordingly. In the event the employer is a self-insuring employer, the self-insuring employer shall deduct the amount from the paid compensation the self-insuring employer reports to the administrator under division (L) of section 4123.35 of the Revised Code. If an employer is a state risk and has paid an assessment for a violation of a specific safety requirement, and, in a final administrative or judicial action, it is determined that the employer did not violate the specific safety requirement, the administrator shall reimburse the employer from the surplus fund account under division (B) of section 4123.34 of the Revised Code for the amount of the assessment the employer paid for the violation.

An appeal * * * in a case in which an award of compensation or medical benefits has been made shall not stay the payment of compensation * * * during the pendency of the appeal. If, in a final administrative or judicial action, it is determined that payments of compensation or benefits, or both, made to or on behalf of a claimant should not have been made, the amount thereof shall be charged to the surplus fund account under division (B) of section 4123.34 of the Revised Code. In the event the employer is a state risk, the amount shall not be charged to the employer's experience, and the administrator shall adjust the employer's account accordingly. In the event the employer is a self-insuring employer, the self-insuring employer shall deduct the amount from the paid compensation the self-insuring employer reports to the administrator under division (L) of section 4123.35 of the Revised Code. If an employer is a state risk and has paid an assessment for a violation of a specific safety requirement, and, in a final administrative or judicial action, it is determined that the employer did not violate the specific safety requirement, the administrator shall reimburse the employer from the surplus fund account under division (B) of section 4123.34 of the Revised Code for the amount of the assessment the employer paid for the violation.

R.C. 4123.512(H)(1).

{¶ 35} The BWC panel's order, as adopted by the administrator's designee, turns in part on the distinction between a VSSR award as a penalty to the employer, in contrast with disability awards such as the TTD considered in *Sysco*, which the panel considered to be compensation. The panel considered that characterization of VSSR awards as penalties is well-established in Ohio workers' compensation law, citing *State ex rel. Frank Brown & Sons, Inc. v. Indus. Comm.*, 37 Ohio St.3d 162, 164 (1988), and *State ex rel. Byington Builders, Ltd. v. Indus. Comm.*, 156 Ohio St.3d 35, 2018-Ohio-5086, ¶ 40. These cases stress that VSSR awards have a different purpose from compensation that replaces lost wages due to workplace injury–the purpose of a VSSR award is prophylactic, to prevent safety violations and minimize resulting claims.

{¶ 36} Newark Group argues that, analytical distinctions aside regarding their deterrent purpose to the employer, VSSR awards remain "compensation" paid by an employer to the claimant. The magistrate agrees.

{¶ 37} VSSR awards find their source in the Ohio Constitution, Article II, Section 35 which states in part as follows:

> When it is found, upon hearing, that an injury, disease or death resulted because of [a VSSR violation] such failure by the employer, such amount as shall be found to be just, not greater than fifty nor less than fifteen per centum of the maximum award established by law, *shall be added by the board, to the amount of the compensation that may be awarded* on account of such injury, disease, or death, and paid in like manner as other awards.

(Emphasis added.) While R.C. 4121.47, which presents the general prohibition against such violations, refers only to an "additional award," Ohio Adm.Code 4121-3-20(A) defines a VSSR award as "an additional award of *compensation* founded upon the claim that the injury, occupational disease, or death resulted from the failure of the employer to comply with the specific requirement for the protection of health, lives, or safety of employees." (Emphasis added.)

{¶ 38} If the Supreme Court has under some circumstances found it useful to stress the punitive and prophylactic purposes of VSSR awards, the court has nonetheless clearly considered that such awards remain compensation in the broader sense:

> While awards for violations of specific safety requirements are penal insofar as they affect employers, they are compensatory

> insofar as the employee is concerned. *State, ex rel. Emmich v. Indus. Comm.* (1947), 148 Ohio St. 658, paragraph three of the syllabus. The award goes directly to the injured employee, not to the state as a fine. Although compensation is calculated with reference to some standard of employer culpability, additional awards for violations of specific safety requirements are an integral part of Ohio's workers' compensation scheme. Thus, we find that such requirements have not been preempted by federal law.

*State ex rel. Kroger Co. v. Indus. Comm.*, 62 Ohio St.2d 4, 6 (1980) (Discussing possible preemption by Federal safety standards); *see also*, Fulton, *Ohio Workers' Compensation Law*, Section 13.7 (5th Ed.2018).Even the most recent case cited by BWC in fact does nothing to support the panel's determination in this respect:

> This is a workers' compensation case in which appellee Industrial Commission awarded appellee Thomas Trousdale *additional compensation* for the violation of a specific safety requirement ("VSSR") by appellant, Byington Builders, Ltd.
>
> * * *
>
> The SHO awarded *additional compensation* in the amount of 40 percent of Trousdale's maximum weekly rate due to this VSSR, finding that the violation was serious and noting that another worker had fallen off the same roof a few days before Trousdale fell.

State ex rel. Byington Builders, Ltd. v. Indus. Comm., 156 Ohio St.3d 35, 2018-Ohio-5086, ¶ 1, 13.

{¶ 39} The financial structure of the *Sysco* Fund also postulates that VSSR awards are compensation. Self-insured employers who opt-in to the *Sysco* Fund pay an additional assessment computed by multiplying "paid compensation" for the preceding year by a stated percentage. R.C. 4123.35(J)(2). Amounts paid under awards later vacated, including VSSR awards, are excluded from "paid compensation" in this computation. R.C. 4123.35(L); 4123.512(H)(1). Ohio Adm.Code 4123-17-32(B) defines "paid compensation" as including, among other items, "all amounts paid by a self-insuring employer for a violation of a specific safety standard pursuant to section 35 of article II, Ohio Constitution and section 4121.47 of the Revised Code."

{¶ 40} Based upon the above statutory language and case law, the magistrate therefore concludes that for purposes of analysis of statutory and regulatory language governing a right to reimbursement from the *Sysco* Fund, VSSR payments are "compensation." It follows that once the artificial distinction of VSSR awards as something other than compensation is dropped, there remains no impediment to application of the reimbursement provisions to Newark Group here. R.C. 4123.512(H)(1) provides that when "compensation" is paid under an award that is later overturned, "the amount thereof shall be charged to the surplus fund account under division (B) of section 4123.34 of the Revised Code." In sum, when the industrial commission orders the payment of compensation, the employer immediately begins paying the claimant and will continue to make such payments during the pendency of any administrative appeal or mandamus action. The statute authorizes self-insured employers to receive *Sysco* Fund reimbursement for overturned orders awarding this paid "compensation." On its face, this provides for reimbursement of all types of such overturned awards, whether TTD or VSSR, or for state fund employers or self-insured.

{¶ 41} Moreover, the risk computation that results in the Sysco Fund premium determination for any participating employer includes amounts paid by the employer for VSSR awards. Yet under BWC's interpretation, the statute does not provide for reciprocal VSSR reimbursements that correspond to this risk calculation. Applying the rule that all related statutes must be read as a whole to give coherent effect to the legislature's intent, the general statutory scheme funding the Sysco Fund and the plain language governing disbursements therefrom give a clear right to reimbursement for Newark Group in this case.

{¶ 42} BWC counters this conclusion by pointing to the final sentence of R.C. 4123.512(H)(1), added to the statute in 2014 by 2014 H.B. No. 493, which specifically addresses VSSR reimbursement for state fund employers:

> If an employer is a state risk and has paid an assessment for a violation of a specific safety requirement, and, in a final administrative or judicial action, it is determined that the employer did not violate the specific safety requirement, the administrator shall reimburse the employer from the surplus fund account under division (B) of section 4123.34 of the Revised Code for the amount of the assessment the employer paid for the violation.

{¶ 43} BWC asserts that, by specifically addressing VSSR reimbursement for state-fund employers, but remaining silent with respect to self-insured employers, the silence with respect to VSSR reimbursement for self-insured employers can only interpreted as a limitation on such repayments. Applying the canon of statutory interpretation, *inclusio unius est exclusio alterius* (the inclusion of one is the exclusion of others), by including one type of eligible employer, BWC posits, the legislature would have intended to exclude the other. *See generally*, *State v. Nelson*, 10th Dist. No. 14AP-229, 2014-Ohio-5757, ¶ 16.

{¶ 44} To give the final sentence the desired meaning, BWC must interpret the provisions of the statute to mean, first, that the initial section of R.C. 4123.512(H)(1) dating to 2006 authorizes self-employer reimbursement from the *Sysco* Fund for overturned payments of "compensation" second, a VSSR award is a penalty to the employer and not compensation, and so VSSR reimbursement to self-insured employers *and* state fund employers is not authorized by the initial section of R.C. 4123.512(H)(1), and third, the General Assembly's 2014 amendment to the statute expressly aims to exclude self-insured employers from VSSR reimbursement. BWC does not support its interpretation of the 2014 amendment with any authority establishing that both self-insured and state-fund employers alike were denied reimbursement for vacated VSSR awards between 2006 and 2014, which would be the compelled conclusion if the 2014 amendment intended to introduce a new right of reimbursement for state fund employers only. In any event, the proposed line of reasoning is defeated by elimination of the arbitrary distinction excluding VSSR awards from the definition of compensation as discussed above.

{¶ 45} Declining to take the final sentence as intended by BWC does not leave the language as "mere surplusage" in violation of principles of statutory interpretation. *See generally*, *In re Acubens*, 10th Dist. No. 17AP-870, 2018-Ohio-2607, ¶ 24. The language spells out conditions for reimbursement for state fund employers who have been the object of a VSSR finding *and paid assessments for the violation*, the VSSR award having been initially paid to the claimant out of the general fund. For state fund employers who have yet to be assessed, no out of pocket cost exists and no reimbursement should follow. The statute therefore addresses the differing conditions under which state fund and self-insured employers incur VSSR award expenses, since the latter pay such awards directly, and the former pay indirectly by means of subsequent assessments: "[I]f such compensation is paid

from the state fund, the premium of such employer shall be increased in such amount, covering such period of time as may be fixed, as will recoup the state fund in the amount of such additional award, notwithstanding any and all other provisions in this constitution." Ohio Constitution, Article II, Section 35.

{¶ 46} In sum, the BWC panel abused its discretion by giving the pertinent statutes a meaning that the legislature could not have intended. It is therefore the decision and recommendation of the magistrate that this court issue the requested writ of mandamus ordering BWC to reimburse Newark Group from the *Sysco* Fund for payments made under the overturned VSSR award.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).